### HOGE et v SOISSONS

Ohio Appeals, 6th Dist, Erie Co

No 398. Decided Sept 28, 1933

Quigley & Byrnes, Cleveland, for plaintiffs in error.

John F. McCrystal, Sandusky, for defendant in error.

**OPINION**

By LLOYD, J.

Various grounds of negligence are alleged in her amended petition, some of which are conclusions rather than allegations of fact and might well have been ordered to be made definite and certain as requested by the defendants Hoge and Nezbeda in a motion filed by them in the Court of Common Pleas, but since this court must reverse the judgment on other grounds, the ruling on this motion ceases to be of any practical moment, because as a result of the trial the plaintiffs in error are now fully advised as to all of the contentions and claims made by the defendant in error.

The objection made to joining Hoge and Nezbeda, we think is not well taken for the reason that Hoge owned, was an occupant of and had control of the manner of operating the car while it was being operated by Nezbeda, and it seems to us that both Nezbeda and Hoge may have been negligent, the one in the manner in which he drove the automobile, the other in permitting it to be so driven, or that Nezbeda may have been negligent and Hoge not negligent, or that neither of them was negligent, according as the jury may have found the facts to be under proper instructions of the trial judge; and since the liability of either or both of the defendants was a positive issue in the case, the trial judge should not have omitted, as he did, instructing the jury with respect thereto. **Aurend v Schroeder, Admr., 32 Oh Ap 35.**

The defendant in error charges each of the plaintiffs in error with negligence proximately causing her injuries. The plaintiffs in error charge that the negligence of the defendant in error was the proximate cause thereof, and the evidence is quite in conflict on the issues made by the pleadings— so much so, at least, that this court cannot say that the finding of the jury in favor of the defendant in error is manifestly against the weight of the evidence.

The plaintiffs in error, by written motion, requested an order permitting a physical examination of the defendant in error, to ascertain the extent of her injuries. Ruling on this motion was delayed until after the trial commenced. At the trial it appeared that Miss Soissons was suffering from a "mouse knee" or floating cartilage in the knee, and in view of the fact that the trial judge refused to require the amended petition to be made definite and certain as to her alleged injuries, which in our judgment should have been granted, it was eminently proper for the plaintiffs in error to request and the court to make an order permitting an examination that would advise them of the physical condition of Miss Soissons, and this latter motion having been filed long before the trial, should have been promptly granted.

The record discloses that nearly, if not all of the prospective jurors on their voir dire were asked by counsel for defendant in error whether any of them were connected with The General Casualty Company of Detroit. The following are examples of the questions thus repeatedly asked—

"Q. Are you in any way connected with The General Casualty Company of Detroit?

"Q. Are you connected with or do you handle The General Casualty Company of Detroit?

"Q. Can you tell whether or not your company is indirectly connected with this casualty Company?

"Q. Are you connected with the concern I just mentioned?"

On cross examination, one of the physicians called in behalf of Miss Soissons testified that he "had received some kind of a telephone call about a case pending here from a Mr. Slick" and also testified that he had received a call from Mr. McCrystal asking him to examine Miss Soissons "and to come in and testify." On redirect examination he was asked whether Slick told him whom he represented. Over objections and exceptions he was permitted to answer that Slick "said he represented an insurance company." And in his argument to the jury, counsel for the defendant in error said,

"They brought this doctor in (apparently referring to a Cleveland physician who was called as a witness by plaintiffs in error). Before they brought him they telephoned Dr. Deeds, who swore that Slick of the insurance company, called him up and asked him about this case, asked him question after question, how he would answer under certain conditions."

Passing the questionable propriety of the manner of the voir dire examination, which it seems to us by continual repetition was an indirect way of telling the jurors that the plaintiffs in error were protected by indemnity insurance, the questions permitted to be asked of Dr. Deeds eliciting the immaterial and irrelevant statement as to "the insurance company," all taken together, clearly and intentionally advised the jury that The General Casualty Company of Detroit had indemnified the plaintiffs in error against loss for any compensation awarded Miss Soissons. In view of the fact that the amended petition did not advise plaintiffs in error of the nature of the knee injury and the refusal of the court to make the allegations as to the alleged injuries to Miss Soissons definite and certain, and denial of the motion for a physical examination until after witnesses called in her behalf had testified with respect thereto, we are of opinion that the court committed

prejudicial error in permitting the "mouse knee" testimony adduced in behalf of defendant in error over the objections and exceptions of the plaintiffs in error.

Defendants in error submitted to the trial judge four separate written requests to be given to the jury before argument, each of which was properly refused except No. 3 thereof, the refusal to give which constituted prejudicial error.

At a recess had during the trial, one of the jurors was overheard to say, in a conversation with two other persons,

"That don't make any difference, even if he was all that, it would not relieve the insurance company from paying for all the damages."

The juror was not called by defendant in error, nor by the court to refute or explain this statement, and there was no denial of its truth by anybody. The court denied a motion of defendant in error to withdraw a juror and continue the case for trial, suggesting as a reason that

"The court happens to know every man on the jury, and every woman on the jury, and the court really looks upon the suggestion as offered as a very serious attack upon the integrity of some very reputable and splendid people, and would hesitate very much on the scanty evidence offered, and upon this doubtful evidence offered, to sustain the motion."

There being no conflict of evidence as to the narrated conduct of the juror, refusal to grant the motion is prejudicial error.

In his charge to the jury, the court did not give the jury an opportunity to find that the defendant in error might, under the evidence and the law, be entitled to a verdict against one of the plaintiffs in error and not against the other, providing only two forms of verdict,—one for a verdict against both of the defendants and the other a verdict in favor of both of the defendants. This was prejudicial error, since, as we have heretofore indicated, a verdict might have been returned in favor of both of the plaintiffs in error or in favor of the defendant in error against one or both of the plaintiffs in error.

We also observe that the trial judge said in his charge—

"In reference to the credibility of the witnesses, the court will further say to you,

that if any witness in the judgment of the jury, or in the judgment of an individual juror, has testified falsely, you may reject all or any part of the testimony of such witness, but if it is not necessary to do so, you may accept that which you believe to be false."

The jury, of course, acts as an entity and the "judgment of an individual juror" can not determine or control what the verdict of the jury shall be. This instruction was clearly erroneous and prejudicial.

The trial judge, directing the attention of the jury to §12603-1 GC, said

"Now, if by a preponderance of the evidence in this case you find that the defendants were in the act of violating that statute at the time and place in question, then that would be negligence in and of itself, on the part of the defendants."

In so charging the jury, the court committed prejudicial error. **Lazzara v Hart, 39 Court of Appeals Opinion, Sixth District, unreported, (14 Abs 541).**

At the conclusion of the general charge, the court refused a request of defendants "to charge the jury as to the duty of the defendants in the event that the jury find that the Ford automobile going west turned suddenly in a southerly direction in the pathway of defendants' car." This was one of the questions involved in the trial and the trial judge not having charged concretely on this subject in his general charge should have complied with this request.

We are unable to approve the closing argument of counsel for defendant in error, nothing appearing in the argument of counsel for plaintffis in error justifying it. The closing argument was an appeal to passion and prejudice—not an appeal on the facts in evidence. In this connection we call attention to what was said on this subject at page 246 of the opinion of this court in **Thatcher v Railroad, 33 Oh Ap 242,** and in **Machaterre v Dusha, 30 Oh Ap 242, (6 Abs 621).**

It is apparent that the judgment of the Court of Common Pleas must be reversed and the cause remanded for a new trial, which is accordingly done.

Reversed and remanded.

RICHARDS and WILLIAMS, JJ, concur.