## BUDDENHAGEN v COCA COCA BOTTLING CO

Ohio Appeals, 2nd Dist, Franklin Co

No 3032. Decided June 9, 1939

W. W. Miller, Columbus, and D. T. Keating, Columbus, for plaintiff-appellant.

Hamilton, Kramer & Wiles, Columbus, for defendant-appellee.

### OPINION

By BARNES, J.

The above entitled cause is now be-

ing determined as an error proceeding by reason of plaintiff-appellant's appeal on question of law from the judgment of the Court of Common Pleas of Franklin County, Ohio. The action was one for personal injuries claimed to have been caused by drinking a bottle of Coca Cola in which was contained particles of broken glass.

A trial before a jury resulted in a verdict for the defendant.

Motion for new trial was duly interposed, overruled and judgment rendered on the verdict. This is the final order from which plaintiff prosecutes error in this court.

No bill of exceptions was procured or filed.

At a previous term of this court motion to dismiss the appeal was interposed which was overruled.

The following are the assignments of errors as presented by appellant:

"1. The court erred in sustaining the motion of defendants to require plaintiff to submit to a second physical examination consisting of the administration into his body of a powerful dye requiring him to be hospitalized which was not only painful but injurious to his health, an examination beyond the right and power of the court to order and ordered on the penalty of dismissal of plaintiff's cause of action.

"2. The court erred in sustaining the motion of defendant to the petition.

"3. The court erred in permitting the deposition of Dr. P. W. Fattig to be read in evidence by the defendant.

"4. Other errors apparent on the face of the record."

We take up these assignments of error in the same order as listed by plaintiff.

Specification No. 1 must be overruled for several reasons. All we find in the record relative to this question is a certified copy of entry found in the transcript of docket and journal entries of date January 10, 1939. There is nothing in the entry indicating that a previous order for physical examina-

tion had been made, nor is there any previous entry of similar import.

Neither does the entry indicate that the court made any order as to the manner or method of making the physical examination. No reference is made in the entry to the contemplated use of dye. The pertinent portion of the order for physical examination reads as follows:

"It is therefore ordered, adjudged and decreed that the plaintiff, William Buddenhagen, report to Dr. George I. Nelson, to be examined and to submit to whatever tests and examinations Dr. Nelson thinks best and that said examination and tests are to be made in the presence of Dr. John W. Means who was heretofore appointed by the court, and Dr. W. H. Miller may be present if he so desires."

Appended to the transcript of the docket and journal entries as an original paper we find a document designated as an answer to application of defendant for a physical examination of plaintiff, in which the statement is made that the plaintiff had been previously examined by the defendant's physician. This document also narrates that the examination will require a dye treatment and further that the effect of this dye treatment will be injurious to the plaintiff and bring about serious and damaging results in the third paragraph this document makes the following statement.

"Plaintiff is willing to submit himself to an examination providing no dye, drugs or other harsh methods are used."

Accompanying this document is plaintiff's affidavit which is supporting.

The file contains no other or further information as to what, if any, examination was made or the manner or method used. It therefore follows that we would be unable to determine that the manner or method of examination were along the lines which plaintiff re-

quested be not used, or that any examination was made at all.

Furthermore, even if it be assumed that the objectionable methods were used it would not be a ground for setting aside the verdict and judgment.

The only way in which this question could be raised would be for plaintiff to decline to submit himself to an examination. Thereafter if the court dismissed the case for noncompliance of this order a reviewing court might determine that the character of the examination desired to be made was beyond the power of the court to order.

Now we take up assignment No. 2, wherein complaint is made that the court erred in sustaining motion of defendant to the petition.

On making reference to the transcript of docket and journal entries we find that defendant asked that certain parts of the petition be stricken. The first request was that the following words found on the first page, starting at line 12, "impliedly warrants the wholesomeness and freedom from foreign and dangerous substance of their Coca Cola sold through their regular channels of trade, but notwithtanding said warranty", be stricken.

A second branch of the motion asks that the word "negligence" as found in the 7th line on the second page of the plaintiff's petition be stricken.

We find no error in the court's order. The matter complained of was nothing more than conclusions of law and hence were properly stricken from the petition. The allegations of fact adequately raise the legal questions and the additional legal presumption added nothing to the substance of the petition.

Specification No. 3 complains that the court erred in permitting the deposition of Dr. P. W. Fattig to be read in evidence by the defendant.

This specification is fully answered by the statement that we have no means of knowing whether or not the deposition was read in evidence; hence it is unnecessary to examine the depo-

sition itself so as to ascertain the claimed objectionable features.

It is obvious that this error could only manifest itself through a bill of exceptions, and since the record contains no bill of exceptions the claimed error is not manifest.

We find no prejudicial error and hence the judgment of the lower court will be affirmed.

Costs will be adjudged against the appellant.

HORNBECK, P. J., & GEIGER, J, concur.