**KLEIN v. YELLOW CAB CO.**
Civil Action No. 22328.

District Court, N. D. Ohio, E. D.
Dec. 9, 1944.

Supplemental Opinion July 23, 1945.

Edward Lurie, of Cleveland, Ohio, for plaintiff.

Elmer E. McNulty, of Cleveland, Ohio, for defendant.

JONES, District Judge.

The motion for physical examination of the plaintiff is controlled by Civil Rule 35(a), which provides that the Court may order plaintiff to submit to a physical examination, for good cause shown. The plaintiff alleges this accident resulted in serious injury to his pelvis, groin, genital organs, and bladder, and involving permanent injury to the urethra, prostate gland,

and sexual function. He objects to examination by the defendant's surgeon, which would include cystoscopy, pylegrams, and so forth, as too painful, and as carrying with it the probability of serious or painful consequences. This is supported by the testimony of the defendant's doctor given in an earlier State court hearing.

There is no doubt of the painful character of such an examination, even in normal circumstances, but it is difficult to see how the defendant can meet the issue as to the nature and extent of the injuries, unless it can have an examination, or be otherwise fully advised as to the plaintiff's evidence in that respect. Before ruling finally on the motion, it is suggested that the plaintiff submit all reports of examinations by his doctors, hospital records, and statements of what his doctors will testify to in respect of these alleged injuries, based upon cystoscopic examinations and other related procedure; or, if the plaintiff prefers, to stipulate that no medical evidence will be introduced by him, obtained through cystoscopic examination.

The matter is recognized as one involving serious considerations, and before final action the Court desires to have the results of, or reaction to, the above suggestion.

### Supplemental Opinion

■ In consideration of the memorandum of the Court filed December 9, 1944, and the affidavit filed by the plaintiff July 19, 1945, and after conference with counsel for the parties in chambers, at which time the question of ordering the plaintiff to submit to the suggested physical examination, including complete cystoscopic examination, was under consideration:

The Court has reached the conclusion that the defendant is entitled to the benefit of Rule 35 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for the reason, as it seems to the Court, first, that from the statements of counsel, and the circumstances presented to the Court in chambers, it is doubtful whether there is any legal defense to the action; second, the chief injuries to the plaintiff, as claimed and alleged by the plaintiff, and as stated by his counsel in chambers, are the injuries largely to the genital organs and associated areas, such at the bladder, kidney, and prostate gland:

It is therefore ordered that the plaintiff submit to the examination moved by the defendant on July 25, 1944, in the Buffalo General Memorial Hospital, or some other suitable hospital in Buffalo, as the parties may agree upon, at such time as may be mutually agreeable between the parties; and that such examination shall be made by a physician or surgeon of acknowledged professional standing, skill and experience, on behalf of the defendant; and, that there may be present the surgeon or physician of the choice of the plaintiff.

If the plaintiff shall refuse to submit to such examination, under the terms proposed, it would seem to the Court that the plaintiff is not entitled to the benefit of this jurisdiction for the trial of his case, and the action will thereupon be dismissed.

The expense of the examination provided for shall be borne by the defendant.

All of this matter of examination is founded upon Rule 35, and its provisions shall be open for the benefit of both parties.