**FRANCISCO, Jr., Plaintiff, v. HOFFMAN, Defendant.**

Common Pleas Court, Franklin County.

No. 188075. Decided October 27, 1955.

Knepper, White, Richards, Miller & Roberts, Columbus, for plaintiff. William C. Ailes, Columbus, for defendant.

## OPINION

By DRAPER, J.

This cause is here on a motion by the defendant to cause the plaintiff to submit to a medical examination without the presence of the plaintiff's attorney.

The leading case in Ohio on this question is **S. S. Kresge Company v. Trester, 123 Oh St 383,** of which syllabus 1 reads as follows:

"In an action for damages for personal injuries, the trial court has the power to require the plaintiff to submit to a reasonable physical examination, at a proper time and place, by competent physicians or surgeons, in order that the extent and nature of the injuries may be ascertained. * * *"

Syl. 2:

"The defendant does not have an absolute right to name the physicians or surgeons to make such examination, * * * the matter of selection being within the discretion of the trial court."

At page 387 in the order of the trial court requiring plaintiff to submit to a physical examination we find the following condition:

"* * * and that plaintiff be permitted to have present at such physical examination if she so desires, her counsel and her own physician."

Judgment of Court of Common Pleas dismissing the case for failure to comply with the order was affirmed.

This case was cited in **Distler v. Shillito Co.,** 26 Abs p. 307, where at **page 308** it is held:

"Trial court has been sustained as not having abused its discretion in granting a second examination where it appears that same is necessary * * *. The court in permitting such examination may set forth the conditions under which it is to be made, either naming a disinterested physician or taking the physician suggested by either party."

In a more recent case arising in the Common Pleas Court of Cuyahoga County, **Kelley v. Smith and Oby Co.,** 70 Abs 202, the court held at **page 204:**

"The power of the trial court to designate a competent doctor to physically examine a plaintiff in a personal injury action is ever present, though it may be seldom exercised. Necessarily, too, the trial court possesses the included power of determining and fixing reasonable conditions under which the plaintiff shall be examined.

"One of the conditions to be established is whether or not plaintiff's counsel may be present at the examination of the plaintiff.

"In the Trester case, supra, the Supreme Court approved and enforced the order of the trial court which directed the plaintiff to submit to a physical examination by a doctor chosen by the defendant. That order provided in part that

" 'the plaintiff be permitted to have present at such physical examination if she so desires her counsel and her own physician.'

"Undoubtedly, the adversary status of the examining doctor as doctor for the defense, prompted the trial judge to permit plaintiff's counsel and her doctor to be present at her examination by the defense doctor.

"Permission for plaintiff's counsel to be present at a physical examination of the plaintiff, part of the approved order in the Trester case, is the general rule."

The case goes on to say that the court may exclude third persons where necessary to conduct a psychiatric examination, because of the peculiar nature of that type of examination.

17 Am. Jur., Discovery and Inspection, Section 71, page 52 holds:

"The plaintiff's own physician should be permitted to be present at the examination if the plaintiff makes timely application."

At page 53:

"The physician's report should be open to the inspection of counsel on both sides of the controversy, but not for use as evidence except in the cross-examination of the surgeon or physician in the event he is introduced as a witness at the trial."

422

Applying these rules to the motion before this Court, and in view of the discretion vested in this court in this matter, it is ordered that the plaintiff submit to a physical examination. Further, if the plaintiff desires either her attorney or personal doctor to be present during the examination, they may do so. Further, counsel for plaintiff, if either he or the personal physician is not present, may examine the report under the limitations set forth herein in 17 Am. Jur. These rules shall apply to any physical examination requested by the defendant.