## 92

RECORD, Plaintiff, v. ELKING, Defendant.

Common Pleas Court, Hamilton County.

No. A-171483. Decided February 2, 1960.

Brumleve, DeCamp & Wood, for plaintiff.
Lindhorst & Dreidame, for defendant.

## OPINION

By BADER, J.:

This case comes before this court on a "motion of the defendant to require plaintiff to appear in Hamilton County, Ohio, for the taking of a deposition and to submit to an independent medical examination in Hamitlon County, Ohio."

The plaintiff is a resident of Mobile, Alabama. The accident which is the subject matter of this litigation occurred in Hamilton County. The affidavit on the petition was taken by a notary public in the County of Mobile, Alabama.

The Court fails to find any authority which would in any way compel a non-resident of the state to come to Hamilton County for either a deposition or a medical examination. It is true, as defendant points out, that if a deposition is to be taken in a case the law requires certain notices to be given to plaintiff at required times to enable the opposing party time to travel to the place designated for the taking of the deposition. No where in the Ohio law can be found any authority to compel the opposing party to come to a jurisdiction outside of his residence for the taking of a deposition or a medical examination.

The question before the Court in this case has to do only with compelling the plaintiff to travel from Mobile, Alabama to Cincinnati, Ohio, for the purpose of submitting to a medical examination.

The Court is of the opinion that the defendant has the right to

compel a physical examination of the plaintiff because the injury complained of is the subject matter of the cause of action.

If the defendant desires a medical examination it must be done in the resident county or state of the plaintiff, or any other place where she may be found and by a doctor of defendant's choice. If the examining doctor's testimony is required by the defendant it may be done so by way of deposition to be used in the trial of the case.

Accordingly, the Court will grant the request of the defendant's counsel for a medical examination of the plaintiff but will not require plaintiff to come to Cincinnati, Ohio, for that purpose.