ROSKOVICS, Plaintiff, v. ASHTABULA WATER WORKS COMPANY, a Corporation, Defendant.

Common Pleas Court, Ashtabula County.

No. 45272.   Decided April 21, 1961.

252

*Mr. Walter L. Barsky*, for plaintiff.

*Messrs. Arter, Hadden, Wykoff & Van Duzer* and *Messrs. Nazor & Nazor*, for defendant.

LAMBROS, J.  The defendant, the Ashtabula Water Works Company, has moved the Court for an order requiring the plaintiff to submit to a physical examination by Dr. William V. Trowbridge.

The respective parties to this action admit that the plaintiff was previously examined by E. W. Shannon, M. D., at the request of and for the defendant, Ashtabula Water Works Company.  However, a second medical examination is sought by the defendant by a different doctor on the basis that plaintiff's condition has worsened materially since the original examination of April 5, 1959.

In his argument seeking to obtain an examination by Dr. Trowbridge, defendant requests that Dr. Trowbridge be authorized to perform a spinal tap on the person of the plaintiff.  Defendant claims that the dangers inherent in a spinal tap are minimal and remote and that such a test would be of utmost importance to Dr. Trowbridge in determining the condition of the plaintiff.

Plaintiff objects to such medical examination on the basis that one examination was already consented to and conducted, and that defendant is not thereby entitled to a second examination.  Further, plaintiff argues that if a second examination is permitted, it would be unreasonable to select and allow a different doctor to conduct said examination.  Plaintiff also argues that in the event a second examination is permitted, it would be an abuse of discretion to allow the examining doctor to perform a spinal tap on the person of the plaintiff.

Neither counsel raises any question as to the inherent power of the Court to order physical examination of the plaintiff in this type of action, nor is there any issue as to the plaintiff's right to a medical report in the event a medical examination is allowed, as counsel for both sides readily understands this Court's position that the plaintiff does not have a right to a copy of the report and that the report is confidential.

However, counsel for the plaintiff argues that if a second examination is allowed, the condition of the plaintiff's health is such that an order requiring her to make a trip to Cleveland, Ohio, would be detrimental to her health and, therefore, such an order would be unreasonable.

This is a case where plaintiff fell on a sidewalk and alleges that such fall precipitated a condition affecting plaintiff's central nervous system known medically as multiple sclerosis. It appears from the statements of counsel for both parties that this plaintiff is presently severely disabled from this disease.

The issues presently before this Court are:

1. Do the circumstances of this case warrant the allowing of a second medical examination?

2. Is the plaintiff's physical condition of such a nature that the issuance of an order requiring her to travel to Cleveland, Ohio, for medical examination would be detrimental to her health?

3. If a second medical examination is ordered, is the defendant entitled to an order authorizing the examining doctor to perform a spinal tap or puncture upon the body of the plaintiff to assist in his diagnosis?

The granting of a motion for an order for medical examination of the plaintiff in a negligence case is a matter addressed to the discretion of the trial court and the trial court should not go beyond the necessities of the case in exercising such discretionary power. Such examination should not be had merely to obtain cumulative evidence, and when sufficient evidence of the nature, character, extent and permanency of the alleged injuries has been made available to the defendant, the request for additional physical examinations should be declined. The purpose of allowing pretrial medical examinations is to enable defendant to prepare his defense and to ascertain the nature, extent or permanency of the alleged injuries. The purpose of such procedure is not to provide the defendant with a quantity of evidence or a quantity of witnesses, but to enlighten the defendant to such an extent where he may be apprised of the nature of the injuries to enable him to prepare an intelligent and informed defense. The purpose of this procedure is not to give defendant a tactical advantage or to place the plaintiff at any disadvantage.

Under usual and ordinary circumstances, a second examination should be denied as one physical examination conducted by a competent and qualified physician should be sufficient to apprise the defendant of the nature, extent and permanency of the alleged injuries. However, the nature of the injuries and disease involved in this action is extremely serious, and the Court is well aware that multiple sclerosis is an acute and steadily progressive disease of the central nervous system which has troubled the medical profession for many years. It is the type of injury or disease the permanency of which would conceivably be a major issue in a lawsuit.

It is the judgment of this Court that a single examination in this type of disease might not be sufficient to adequately inform the defendant of the permanency of the disease in the preparation of his defense. Therefore, considering the circumstances surrounding this specific case, this Court feels that a second examination is reasonable and proper. However, it is this Court's judgment that to permit a different doctor to conduct the second examination would be unreasonable for it appears to this Court that the same doctor who performed the initial examination would be in a more advantageous position to diagnose the permanency thereof than a doctor who does not have the benefit of prior examination findings.

Therefore, this Court will deny defendant's request for the selection of Dr. William V. Trowbridge and will allow such second examination to be conducted by Dr. E. W. Shannon. To select a different and additional examiner would permit defendant to obtain cumulative evidence and a quantity of experts which would destroy, in effect, the true purpose of allowing a pretrial medical examination.

Furthermore, it is the opinion of this Court that to require the plaintiff to travel to Cleveland, Ohio, would be injurious to her health by reason of the apparent seriousness of her present condition, and therefore, this Court will require, as a condition to such examination, that it be performed in the City of Ashtabula, either at the Ashtabula General Hospital or at the office of a doctor in Ashtabula who is willing to accommodate Dr. Shannon.

Although some courts have permitted examining doctors

to take samples of blood from a plaintiff for purposes of examination and analysis as well as specimens of urine and other bodily secretions, the performing of a spinal tap or puncture by order of Court would be unreasonable and improper. A physical examination should not be conducted in such a manner as to injure, or to endanger the life or health of, the person claiming damages for personal injury. If it is likely that the examinations produce serious discomfort or any deleterious consequences, the examination should be denied. So, too, a court should not permit a physical examination of a plaintiff in an action for personal injuries to be conducted in such a manner as to cause serious pain. The courts, in granting such physical examinations, should exercise their discretion in granting an ordinary physical examination as distinguished from a surgical examination.

The insertion of a needle into the spine of the plaintiff necessitating the puncture of the skin and the removal of fluid is a surgical operation as distinguished from the ordinary physical examination and involves a risk of injury. Therefore, this Court shall not permit the examining doctor to perform a spinal tap or puncture in conducting the examination.

Therefore, it is ordered that plaintiff submit to a physical examination to be conducted by E. W. Shannon, M. D., at Ashtabula, Ohio, either at the Ashtabula General Hospital or at the office of an Ashtabula, Ohio, doctor with whom Dr. Shannon can make suitable arrangements; said examination shall be performed within twenty days after the issuance of this order, and the examining doctor is prohibited from performing a spinal tap or puncture in the performance of his examination. If Dr. E. W. Shannon accepts the assignment under this order of Court, he is ordered to provide the defendant, or its attorney, with a written report of his examination within five days thereafter. The plaintiff shall not have a right to a copy of the written report of examination without the express consent of the defendant. The plaintiff may have her attorney and/or any physician of her choice present at said examination. The parties to this action and their counsel are ordered to be prepared for a pretrial hearing of this cause immediately following the examination and receipt of the doctor's report by the defendant.