NOMINA, PLAINTIFF, v. EGGEMAN, DEFENDANT.

Common Pleas Court, Putnam County.

No. 18104.

58

Mr. *James C. Blair* and Mr. *John A. Shenk,* for plaintiff.
Mr. *Marcus Downing* and Mr. *George E. Schroeder,* for defendant.

(McNeill, J., of Van Wert County, sitting by assignment.)

McNeill, J. Defendant seeks to have a neurological and psychological examination of plaintiff made by doctors practicing at Columbus, Ohio. At first, plaintiff voluntarily agreed, but upon presenting himself, the physician refused to conduct the examination in the presence of plaintiff's counsel. The request is now made that the court order the same to be made in the absence of plaintiff's counsel.

The right to order an examination of the plaintiff before a trial is a right exercised by the Court which exists without statutory authority. *Hoge* v. *Soissons*, 48 Ohio App., 221; *Miami and Montgomery Turnpike Co.* v. *Bailey*, 37 Ohio St., 104; *S. S. Kresge Co.* v. *Trester*, 123 Ohio St., 383, in which the Court, in its first syllabus, stated:

"In an action for damages for personal injuries, the trial court has the power to require the plaintiff to submit to a reasonable physical examination, at a proper time and place, by competent physicians or surgeons, in order that the extent and nature of the injuries may be ascertained."

The choice of doctors in such case has been usually left to the defendant, but the court may regulate the doctor and the terms and conditions of the examination, including the number. *Easterday* v. *Melhuish*, 83 Ohio Law Abs., 122; *Francisco* v. *Hoffman*, 74 Ohio Law Abs., 412; 60 Ohio Opinions, 371. In unusual circumstances, a second examination may be permitted. *Roskovics* v. *Ashtabula Water Works*, 86 Ohio Law Abs., 251; 16 Ohio Opinions (2d), 297; *Distler* v. *Shillito Co.*, 11 Ohio Opinions, 181; 26 Ohio Law Abs., 307.

The question presented here is whether or not the plaintiff may be compelled to leave the jurisdiction in which he resides, Putnam County, and go to Columbus, Ohio. It is admitted there are no neurosurgeons or psychiatrists in Putnam County. There may be others closer, but this point is not raised by plain-

tiff. In *Roskovics* v. *Ashtabula, supra*, it was held under proper circumstances, although not ordered for the reasons of plaintiff's health, that plaintiff could be forced to leave the jurisdiction to submit to the examination. A contra view was reached in *Record* v. *Elking*, 83 Ohio Law Abs., 92.

The information obtained by the doctor making the examination is privileged information for the defense and such record may not be subpoenaed, nor may the doctor who did the examination be forced to give evidence on deposition. *In re: Bates*, 167 Ohio St., 46; 4 Ohio Opinions (2d), 10; *Theetge* v. *Cincinnati Railway Company*, 60 Ohio Opinions, 372.

The Supreme Court recognized the right of defendant to use the results of the examination to prepare a defense. Cases from other jurisdictions, not as liberal as Ohio, limit the purpose to apprise the defendant of the nature of the injuries. 8 Wigmore, McNaughton Ed. Section 2220. Thus, plaintiff may be ordered to go a reasonable distance according to the various circumstances to have an examination where the same cannot be done within the county, or plaintiff, who has chosen the forum, may be ordered to appear for an examination. If this were not so, the defendant would be handicapped in putting on its testimony, having to take the doctor's deposition and necessarily having to give plaintiff the results. This appears contra to the principles enumerated in *In re: Bates, supra*.

In addition, defendant would be deprived of any direct testimony. Plaintiff often has out of state doctors, but for purposes of trial, will also have doctors within the county or state who are available for direct testimony.

This does not appear contra to other discovery procedures permitted by statute. Section 2317.07, Revised Code, provides for the cross-examination of a party by deposition. Section 2319.15, 16, 17, Revised Code, provides for notice. A deposition may be taken at any time with only sufficient time to the adverse party to allow him to prepare and to travel to the place named in the notice. These appear to be the only limitations on the taking of a deposition of the adverse party. Of course, a court would prevent undue harrassment, but it would appear that an adverse party's deposition can be taken either at his residence or at the forum, provided proper notice is given.

To rule otherwise would mean that a non-resident of the County, whether within the state or not, who has been properly served with summons, or chose the court as the forum, could resist all preliminary orders, fail to appear at pre-trial, although rules of the court may require their presence, and yet demand an examination or depositions of a party resident of the forum. This certainly would be an unjust advantage.

The Court having acquired jurisdiction of the parties has inherent power to make reasonable orders in the furtherance of justice. This is only in line with other statutory powers or inherent powers. The Court can dismiss a case for failure of plaintiff to appear at trial or for disobedience of a lawful order. Section 2323.05, Revised Code. All parties must take notice of all court orders and all procedures of the trial. The fact that one may be a non-resident does not require special notices by the Court. The party must keep himself advised. *Brickman* v. *Shale*, 11 OCC NS, 41, 30 OCC., 372, affd 82 Ohio St., 425; *Pike* v. *Bradford, Dayton*, 295; *Hahn* v. *McBride*, 88 Ohio St., 511; *Burrell* v. *Anchor F. Ins. Co.*, 3 ONP NS, 321, 15 ODNP, 303, circuit court affd. 74 Ohio St., 465; *Southwood* v. *Jamison*, 66 Ohio St., 290. If the defendant were the one to refuse, undoubtedly the Court has the power to either bar or presume the testimony as is provided by statute for documents. Section 2317.33, Revised Code.

Thus, it would appear that a party, distinguished from a witness, may be forced in a proper case, *Steele* v. *True Temper Corp.*, 86 Ohio Law Abs., 276, 16 Ohio Opinions (2d), 196, to come into the county of the forum, both for deposition and for examination, and if competent examination cannot be secured in the forum, he may be required to leave to the nearest suitable place. The party so requesting will have to pay the travel expenses of the party to travel to the place of examination.

Is plaintiff's attorney entitled to be present? Originally an examination of the plaintiff could not be secured. In earlier days, plaintiff was incompetent to testify. With the removal of this bar, it only followed that the courts ordered examinations. This scope has now been enlarged to have plaintiff submit to x-rays, in certain cases by statute, blood tests, and most other examinations, the limitation being that it will not

be dangerous or harmful or unnecessarily painful to the plaintiff. *Steele* v. *True Temper, supra; Distler* v. *Shilliton, supra*; 135 A. L. R., 883.

Under Federal Rules, this is carried even further than it has been in the Ohio Courts. *Klein* v. *Yellow Cab*, 60 Ohio Opinions, 369, 74 Ohio Law Abs., 337. In *Kelley* v. *Smith*, 70 Ohio Law Abs., 202, the Court ordered a similar examination made out of the presence of plaintiff's attorney. No cases were cited and it was made because the doctor stated the examination could be effective only on that basis.

However, consideration must be given to what questions must plaintiff answer. As indicated in that case, many questions concerning the patient's life, relationship to his family, if he had a wife, and so forth must be inquired into to make a proper examination. Must the plaintiff answer these questions?

As a starting point, if these questions were asked on deposion, would plaintiff have to answer them? Many of the questions a psychiatrist might ask could not be propounded on deposition or even in the court room, as they are not material and relevant to the lawsuit. Such questions as one's sex life with ones wife, relationship between a party and his parents thirty years ago, and other such questions, which may be necessary in a psychiatric examination, need not be answered.

Some jurisdictions hold that a plaintiff need not answer any questions. 8 Wigmore, McNaughton Ed., Section 2220 F. P., 182 at 192. Wigmore shows the history of physical examinations, and uses italicized words "a physical display" in reference thereto. It must be remembered in Ohio that the examination and results are confidential and will not be known to the plaintiff. *In re: Bates, supra.* In most of the Ohio cases, the right to have his attorney or doctor present is recognized. *Francisco* v. *Hoffman, supra; S. S. Kresge* v. *Trester, supra; Buddenhogen* v. *Coca Cola*, 29 Ohio Law Abs., 681; *Klein* v. *Yellow Cab, supra; Carpenter* v. *Dawson*, 60 Ohio Opinions, 373; Also see: 64 A. L. R. (2d), 502.

In *Sharff* v. *Superior Court of the City and County of San Francisco*, 282 P. (2d), 896, the Court held as follows:

"It has been held that the court may order a plaintiff in a personal injury action to undergo a physical examination by

the defendant's doctor. *Johnston* v. *Southern Pacific Co.*, 150 Cal., 535, 89 P., 348. The doctor should, of course, be free to ask such questions as may be necessary to enable him to formulate an intelligent opinion regarding the nature and extent of the plaintiff's injuries, but he should not be allowed to make inquiries into matters not reasonably related to the legitimate scope of the examination * * *. Whenever a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked, and a lay person should not be expected to evaluate the propriety of every question at his peril. The plaintiff, therefore, should be permitted to have the assistance and protection of. an attorney during the examination. See: *Williams* v. *Chattanooga Iron Works*, 1915, 5 Tenn. Civ. App., 10, 20-21, affirmed 131 Tenn., 683, 176 S. W., 1031.''

The Court further goes on to say:

''It is argued that an attorney, by making groundless objections, may hinder an examination, thereby depriving the defendant of the benefit of an informed medical opinion. The plaintiff, however, should not be left unprotected on the assumption that an attorney will unduly interfere with the examination. Should such interference occur, appropriate steps may be taken by the court to provide the doctor with a reasonable opportunity to complete his investigation of the nature and extent of any injuries the plaintiff may have sustained.''

This Court is in complete agreement with the reasoning of the California Court. Plaintiff may be required to answer such questions as he would be required to answer upon deposition. It is true that certain things in the psychiatric field may be somewhat restricted, but this is no truer than in other fields. In some cases, doctors disagree as to diagnosis of the condition of a knee, as to whether it is due to injury, or due to natural causes. They will agree that it can only be determined by opening up the knee for examination. Of course, this the court will not order. Dangerous procedures that might produce a more accurate determination, but which are admittedly dangerous, are denied.

Thus, the Court seeks a reasonable balance between the utmost discovery and the rights of the parties. It appears to this

court that a plaintiff should answer those questions that properly may be asked of him on deposition when being examined, but should not be required to answer other questions, and that to protect his rights, his counsel should be present. If there is unnecessary interference, the power of the court is sufficient to make such orders as to carry this out. However, questions as to a party's witnesses, confidential matters between husband and wife and like questions need not be answered. A true doctor and patient relationship does not exist as the privilege is not between doctor and patient, but between the defendant and the doctor. *In re Bates, supra.* If certain medical techniques cannot be carried out under these limitations, it is still a question of balancing the various rights and equities, both legal and medical.

Sometimes our hearsay rules interfere with the truth. However, they are applied because they do justice the greater per cent of the time. It is true, an examination may be ordered in a criminal case and the attorney is not present. However, this is statutory, and a criminal defendant need not cooperate or answer any question, and there is no power to force him to do either. The same situation prevails in an inquiry into a person's sanity in Probate Court.

However, in a civil matter we can and do coerce cooperation and the answering of questions, as defendant is seeking here. To use this power to permit questions to be asked that could not be asked in court, either to permit a person to give an opinion based in part upon this evidence, or to bring in indirectly such evidence, some of which may be privileged, has inherent dangers.

Thus, it would appear that plaintiff may be forced to leave the forum for an examination; that a full examination should be allowed; that only such questions need be answered as would be proper in the trial of the case; and that plaintiff's counsel should be present to insure plaintiff's rights.

Journal Entry may be prepared in accordance herewith.