THE STATE, EX REL. STATON, *v.* COMMON PLEAS COURT OF FRANKLIN COUNTY ET AL.

[Cite as State, ex rel. Staton, v. Common Pleas Court, 4 Ohio App. 2d 10.]

(No. 7533—Decided January 28, 1964.)

*Messrs. Cohen & Rosenbloom,* for relator.

*Mr. Earl W. Allison,* prosecuting attorney, *Messrs. Vorys, Sater, Seymour & Pease* and *Mr. John C. Elam,* for respondents.

BRYANT, P. J. This is an action originating in this court, in which the relator, Mary B. Staton, prays that an alternative writ of prohibition be issued by this court enjoining the Common Pleas Court of Franklin County, Ohio, and Judge Henry Holden of that court from entering on the journal of the lower court an entry and order requiring relator to submit to an examination by a physician "performing a psychiatric and neurological examination out of the presence of plaintiff-relator's attorney," and that upon final hearing the writ of prohibition be made permanent.

A motion to dismiss the petition has been filed on behalf of Joseph M. Harter, Presiding Judge of the Common Pleas Court of Franklin County, Ohio, and Henry L. Holden, a judge of such court, and respondents herein. It is urged by respondents that the court order in question was clearly within the jurisdiction of the court below, that relator has an adequate remedy by way of appeal, that relator will suffer no irreparable injury, and that her petition fails to set forth facts showing irreparable injury.

Counsel for respondents place some reliance upon a decision by the Supreme Court of Ohio in the case of *S. S. Kresge Co.* v. *Trester* (1931), 123 Ohio St. 383. Unfortunately for respondents this case does not offer support to the action contemplated by the court below for the reason that in the *Kresge case,* at page 387, the order requiring plaintiff to submit to a physical examination includes these words:

" "* * * and that plaintiff be permitted to have present

at such physical examination if she so desires her counsel and her own physician.' "

This case was cited with approval on the question of dismissal of an action for failure to comply with a court order in the case of (*State, ex rel.*) *Gullett* v. *Klapp et al., Commrs.* (1958), 168 Ohio St., 374, 376.

Respondents rely also upon a decision by the Common Pleas Court of Cuyahoga County in the case of *Kelley* v. *Smith & Oby Co.* (1954), 70 Ohio Law Abs. 202. The *Kelley case* supports fully the position of the court below in this case, the fourth and fifth paragraphs of the headnotes reading as follows:

"4. While it is the ordinary practice to permit plaintiff's attorney to be present at the examination of plaintiff by defendant's physician, where the examination requested was a psychiatric and neurological examination and defendant's physician was of the opinion that the presence of a third person would hamper the psychiatric examintion, the court may, in its order, exclude plaintiff's attorney and all other persons from the psychiatric portion of the examination.

"5. In the absence of a preponderance of proof that the best psychiatric practice requires or rejects the exclusion of third persons from a psychiatric examination the controlling criterion must be the wishes of the examining physician unless patently unreasonable and where in the opinion of such examining physician, the presence of a third person would cause the patient to guard, alter or disguise his responses, such reasons being reasonable, when considered in view of the purely subjective nature of a psychiatric examination, a motion to exclude third persons therefrom will be granted."

The *Kelley case* cites only the *Kresge case*, and in our opinion goes far beyond the decision of the Supreme Court in the *Kresge case*.

On the other hand, the decision of the court below in the case now before us appears to be contrary to a decision by the same Franklin County Common Pleas Court in the case of *Francisco* v. *Hoffman* (1955), 74 Ohio Law Abs. 420, decision by Draper, J., in which the headnote reads as follows:

"1. In an action for damages for personal injuries, the trial court has the power to require the plaintiff to submit to a reasonable physicial examination and the plaintiff has the right

to have his counsel and physician present at such examination and if neither are present plaintiff's counsel may examine the report of the examining physician, but not for use as evidence except in the cross-examination of such physician in the event he is called as a witness at the trial.''

The Common Pleas Courts of two other counties have handed down decisions similar to that of the Franklin County Common Pleas Court in the *Francisco case.*

In the case of *Steele* v. *True Temper Corp.* (1961), 86 Ohio Law Abs. 276, the Common Pleas Court of Ashtabula County held, as stated in the sixth paragraph of the headnotes, as follows:

''The plaintiff has the right to have his counsel present at the pretrial examination conducted by the physician designated by the court.''

In the case of *Nomina* v. *Eggeman* (1962), 90 Ohio Law Abs., 57, the Common Pleas Court of Putnam County held, as stated in the eighth paragraph of the headnotes, as follows:

''Plaintiff in a personal injury action may be forced, in a proper case, to leave the forum for an examination; a full examination should be allowed; only such questions need be answered as would be proper in the trial of the case; and plaintiff's counsel should be present to insure plaintiff's rights.''

The court, in the *Nomina case,* discusses the problem, at pages 63 and 64, as follows:

''This court is in complete agreement with the reasoning of the California court. Plaintiff may be required to answer such questions as he would be required to answer upon deposition. It is true that certain things in the psychiatric field may be somewhat restricted, but this is no truer than in other fields. In some cases, doctors disagree as to diagnosis of the condition of a knee, as to whether it is due to injury, or due to natural causes. They will agree that it can only be determined by opening up the knee for examination. Of course, this the court will not order. Dangerous procedures that might produce a more accurate determination, but which are admittedly dangerous, are denied.

''Thus, the court seeks a reasonable balance between the utmost discovery and the rights of the parties. It appears to this court that a plaintiff should answer those questions that

properly may be asked of him on deposition when being examined, but should not be required to answer other questions, and that to protect his rights, his counsel should be present. If there is unnecessary interference, the power of the court is sufficient to make such orders as to carry this out. However, questions as a party's witnesses, confidential matters between husband and wife and like questions need not be answered. A true doctor and patient relationship does not exist as the privilege is not between doctor and patient, but between the defendant and the doctor. *In re Bates, supra.* If certain medical techniques cannot be carried out under these limitations, it is still a question of balancing the various rights and equities, both legal and medical.

"Sometimes our hearsay rules interfere with the truth. However, they are applied because they do justice the greater per cent of the time. It is true, an examination may be ordered in a criminal case and the attorney is not present. However, this is statutory, and a criminal defendant need not co-operate or answer any question, and there is no power to force him to do either. The same situation prevails in an inquiry into a person's sanity in Probate Court.

"However, in a civil matter we can and do coerce cooperation and the answering of questions, as defendant is seeking here. To use this power to permit questions to be asked that could not be asked in court, either to permit a person to give an opinion based in part upon this evidence, or to bring in indirectly such evidence, some of which may be privileged, has inherent dangers.

"Thus, it would appear that plaintiff may be forced to leave the forum for an examination; that a full examination should be allowed; that only such questions need be answered as would be proper in the trial of the case; and that plaintiff's counsel should be present to insure plaintiff's rights."

In giving consideration to the questions presented by the motion to dismiss, we must, of course, assume the truth of all the allegations of the petition and the reasonable inferences arising therefrom. With that in mind, we conclude that the motion to dismiss is not well taken and must be overruled.

*Motion to dismiss overruled*

DUFFEY and TROOP, JJ., concur.