OPINION
Appellant Cherry Thomas appeals the decision of the Ashland County Court of Common Pleas that dismissed her personal injury complaint against Appellee Lisa Vesper for injuries she received in an automobile accident involving Appellee Vesper and a third automobile. The following facts give rise to this appeal. Appellant Thomas filed a personal injury complaint, against Appellee Vesper, on August 25, 1997. On March 13, 1999, at the conclusion of appellant's deposition, appellee's counsel requested that appellant submit to an independent medical examination. Appellant's counsel agreed to the examination. Appellee's counsel scheduled the examination for March 24, 1999, with Dr. Steiman, at an office in Mansfield, Ohio. Appellant Thomas appeared for the examination and requested that she be permitted to tape record the examination. Dr. Steiman refused to permit appellant to tape record the examination and appellant refused to proceed with the examination unless she could record it. As a result of this dispute over the tape recording, the examination did not occur. Thereafter, appellee's counsel filed a motion to compel an independent medical examination. Appellant's counsel responded to the motion to compel and also filed a motion to permit appellant to tape record the examination and motion for protective order to prohibit examination from taking place in Columbus. On April 7, 1999, the trial court issued a judgment entry granting appellee's motion to compel independent medical examination scheduled for April 9, 1999, and overruling appellant's motion for protective order. Appellant filed a motion for reconsideration on April 7, 1999. The trial court overruled appellant's motion on April 8, 1999. Appellant filed a notice of appeal on April 8, 1999. We subsequently dismissed appellant's appeal for want of a final appealable order. Appellant filed a notice of appeal with the Ohio Supreme Court on August 3, 1999. By judgment entry dated October 27, 1999, the Ohio Supreme Court refused to hear appellant's appeal. In the meantime, on August 4, 1999, the trial court filed a judgment entry continuing the trial date. The trial court also addressed appellee's motion to dismiss. In its judgment entry, the trial court found that appellant's failure to submit to the independent physical examination was egregious enough to meet the requirements of Civ.R. 37(B)(2)(b) and (c) and justify dismissal of her personal injury complaint. However, instead of dismissing appellant's complaint, the trial court granted appellant another opportunity to submit to the independent physical examination. The trial court's judgment entry also indicated that appellant's failure to comply with the independent physical examination would result in dismissal of her complaint with prejudice. On August 16, 1999, appellee filed a second motion to compel appellant to submit to an independent medical examination with Dr. Steiman. On August 23, 1999, the trial court filed a judgment entry ordering appellant to present herself, at Dr. Steiman's office, on September 8, 1999, for an independent medical examination in Columbus. Appellant appeared at Dr. Steiman's office, on this date, with her counsel and requested that counsel be permitted to attend the physical examination. Dr. Steiman refused to conduct the examination in the presence of appellant's counsel. Again, the examination did not occur. On September 13, 1999, appellee filed a second motion to dismiss. On October 26, 1999, the trial court filed its judgment entry dismissing appellant's complaint on the basis that she failed, for the second time, to submit to the independent medical examination. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS, OVERRULING PLAINTIFF'S MOTION FOR ORDER, AND ORDERING THE CASE DISMISSED, WITH PREJUDICE MERELY BECAUSE PLAINTIFF ASSERTED HER RIGHT TO HAVE HER ATTORNEY PRESENT AT THE RULE 35 MEDICAL EXAMINATION.
 II. THE TRIAL COURT ERRED IN ORDERING THAT PLAINTIFF WOULD NOT BE PERMITTED TO RECORD DEFENDANT'S MEDICAL EXAMINATION OF PLAINTIFF AND IN DENYING PLAINTIFF'S MOTION TO PERMIT RECORDING OF MEDICAL EXAMINATION.
 III. THE TRIAL COURT ERRED BY ORDERING THE DEFENDANT'S RULE 35 MEDICAL EXAMINATION OF PLAINTIFF BE CONDUCTED IN A DISTANT JURISDICTION, AND IN DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AS TO SUCH DISTANT LOCATION.
 I
Appellant maintains, in her First Assignment of Error, that under Ohio law, in a personal injury action, she has a right to have her attorney present at the independent medical examination pursuant to Civ.R. 35. We agree. Prior to addressing the merits of appellant's appeal, we will first address the applicable standard of review. "In discovery practices, the trial court has a discretionary power not a ministerial duty." Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578, 592, citing State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, 57. The trial court's discretion is not without limits. "Appellate courts will reverse a discovery order `when the trial court has erroneously denied or limited discovery.' " Mauzy at 592, citing 8 Wright, Miller Marcus, Federal Practice Procedure (2 Ed. 1994) 92, Section 2006. Thus, as an appellate court, we "* * * will reverse the decision of a trial court that extinguishes a party's right to discovery if the trial court's decision is improvident and affects the discovering party's substantial rights." Mauzy at 592, citing Rossman v. Rossman (1975), 47 Ohio App.2d 103, 110. The issue appellant raises in this appeal concerns an independent medical examination which is addressed in Civ.R. 35(A) as follows: When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit himself to a physical or mental examination or to produce for such examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the persons by whom it is to be made.
Civ.R. 35 does not specifically grant appellant the right to tape record the independent medical examination nor does it give appellant the right to have counsel present during the examination. Instead, it is within the trial court's discretion to "* * * specify the time, place, manner, conditions, and scope of the examination * * *." Appellant did not previously seek to have her counsel present at the independent medical examination. Instead, appellant requested that she be permitted to tape record the examination. However, Dr. Steiman refused to permit appellant to tape record the examination. In its judgment entry of April 7, 1999, the trial court also refused to permit appellant to tape record the examination. When she was not permitted to tape record the examination, appellant next sought to have counsel present during the examination. Dr. Steiman again refused to conduct the independent medical examination in the presence of appellant's counsel. The trial court proceeded to dismiss appellant's complaint, with prejudice, for her failure to comply with the court's previous order that she submit to an independent medical examination. Civ.R. 41(B)(1) permits the trial court, after notice to plaintiff's counsel, to dismiss an action where a plaintiff fails to comply with the rules or any court order. "* * * Although reviewing courts espouse an ordinary `abuse of discretion' standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits." Jones v. Hartranft (1997), 78 Ohio St.3d 368, 372. Based on our review of the record and applicable case law in this matter, we conclude that the trial court abused its discretion when it dismissed appellant's personal injury claim as appellant had a right to have counsel present during the independent medical examination. In support of this assignment of error, appellant relies on the fact that the trial court's judgment entry issued on August 23, 1999, did not expressly prohibit the attendance of appellant's counsel at the physical examination. Appellant also relies on the following cases: S.S. Kresge Co. v. Trester (1931), 123 Ohio St. 383; State ex rel. Staton v. Common Pleas Court (1964), 4 Ohio App.2d 10; Nomina v. Eggeman (1962), 90 Ohio Law Abs. 57; Franscisco v. Hoffman (1955), 71 Ohio Law Abs. 441; Carpenter v. Dawson (1954), 74 Ohio Law Abs. 257; Klein v. Yellow Cab Co. (1944), 74 Ohio Law Abs. 337. We have reviewed the cases cited by appellant and find that S.S. Kresge Co., Nomina, Francisco, Carpenter and Staton support appellant's argument. All of these cases recognize the right of a plaintiff's attorney to attend an independent medical examination requested by a defendant. In the Nomina case, the court referred to Sharff v. Superior Court of the City and County of San Francisco (1995), 44 Cal.2d 508, in which the court explained the extent of permissible questioning during an independent physical examination and the role of plaintiff's attorney during such examination: The doctor should, of course, be free to ask such questions as may be necessary to enable him to formulate an intelligent opinion regarding the nature and extent of the plaintiff's injuries, but he should not be allowed to make inquiries into matters not reasonablely related to the legitimate scope of the examination * * *. Whenever a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked, and a lay person should not be expected to evaluate the propriety of every question at his peril. The plaintiff, therefore, should be permitted to have the assistance and protection of an attorney during the examination. Nomina at 124-125, citing Sharff at 510.
The court in Nomina also adopted the reasoning set forth by the court, in Sharff, concerning the possibility of groundless objections by plaintiff's counsel. The court explained: It is argued that an attorney, by making groundless objections, may hinder an examination, thereby depriving the defendant of the benefit of an informed medical opinion. The plaintiff, however, should not be left unprotected on the assumption that an attorney will unduly interfere with the examination. Should such interference occur, appropriate steps may be taken by the court to provide the doctor with a reasonable opportunity to complete his investigation of the nature and extent of any injuries the plaintiff may have sustained. Nomina at 125, citing Sharff at 511.
The court of appeals further explained, in the Nomina case, that "* * * [p]laintiff may be required to answer such questions as he would be required to answer upon deposition." Nomina at 125. A reasonable balance should exist between the utmost discovery and the rights of the parties. Id. The court of appeals also stated that a true doctor and patient relationship does not exist as the privilege is not between doctor and patient, but rather between doctor and defendant. Id. We would also note that the Franklin County Court of Appeals reached a similar conclusion, in the Staton case, relying on the reasoning contained in Nomina. Based on the above case law, we conclude the trial court abused its discretion when it dismissed appellant's personal injury complaint, with prejudice, pursuant to Civ.R. 41(B). The trial court also abused its discretion when it prohibited appellant's counsel from attending the independent medical examination. Appellant's counsel has a right to represent her during the examination, however, appellant's counsel does not have a right to interrupt the examination by unnecessarily objecting to questions asked by the doctor in order to disrupt the proceedings. Further, appellant must answer questions she would be required to answer upon deposition. Appellant's First Assignment of Error is sustained.
 II
In her Second Assignment of Error, appellant contends the trial court erred when it prohibited appellant from tape recording the independent physical examination to be conducted by Dr. Steiman. We disagree. Appellant contends, in this assignment of error, that she is entitled to tape record the independent physical examination and the trial court's denial of her request to do so is a denial of her right to due process. Appellant cites to various cases in support of this argument. However, all of the cases appellant cites to are from different jurisdictions and appellant does not cite to any case, from Ohio, that recognizes the right to tape record an independent medical examination. As such, we conclude the trial court did not abuse its discretion when it determined appellant did not have a right to tape record the examination. Appellant's Second Assignment of Error is overruled.
 III
Appellant contends, in her Third Assignment of Error, that the trial court erred when it ordered the independent medical examination be conducted in Columbus and when it denied her motion for protective order concerning her travel to a distant jurisdiction for the independent medical examination. We disagree. In the S.S. Kresge Co. case, supra, the Ohio Supreme Court held that: The defendant does not have an absolute right to name the physicians or surgeons to make such examination, although the physicians or surgeons suggested by the party applying for such examination are not rendered ineligible thereby, the matter of selection being within the discretion of the trial court. Id. at paragraph two of the syllabus.
In Steele v. True Temper Corp. (1961), 86 Ohio Law Abs. 276, the court explained that: [T]he factors which must be considered in determining the distance or location of place of examination must be the availability of qualified examiners within close proximity of the court and the physical condition of the plaintiff. If the physical condition of the plaintiff is such that harm could result to the plaintiff from a trip to a distant location, then it would be an abuse of discretion to require the plaintiff to travel such a distance. Id. at 198-199.
In its judgment entry of April 7, 1999, that ordered appellant to submit to the independent medical examination in Columbus, the trial court noted that it was unaware of any neurologists practicing regularly in Ashland County. Although Dr. Steiman occasionally has office hours in Mansfield, Dr. Steiman would not be back to Mansfield before the scheduled trial of this matter. Therefore, the trial court found it necessary for appellant to travel to Columbus for the examination. Appellant contends there are other doctors, in the Ashland area, that could conduct the examination. However, appellee points out in her brief that appellant was already treated by Dr. Stolfi of the Mansfield Neurology Office and Dr. Timperman of the Neurosurgery Office of Mansfield. These are the only two neurological offices in the Mansfield area. Further, appellant has not established that she will suffer any physical harm by being required to travel to Columbus for purposes of the examination. Appellant has already traveled as far as Cleveland and sought treatment at the Cleveland Clinic for her injuries. Accordingly, we conclude the trial court did not abuse its discretion when it overruled appellant's motion for a protective order and ordered appellant to submit to the independent medical examination in Columbus. Appellant's Third Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
 _____________________ Wise, J.
By: Farmer, P.J., and Edwards, J., concur.