Day, J.
 

 The solution of the question presented in
 
 *389
 
 this case goes to the issue as to whether or not the trial court abused its discretion in making the order requiring the plaintiff to submit to an examination by Dr. Guy Brown, even though he was a physician suggested by plaintiff in error, defendant below, and, upon her refusal to comply with such order, whether the trial court erred in dismissing her petition without prejudice.
 

 As to the power to require the plaintiff to submit to a physical examination, we think the weight of authority is to the effect that “trial courts have inherent power to require the plaintiff in actions to recover damages for personal injuries to submit his or her person to a reasonable private physical examination by competent physicians and surgeons when necessary to ascertain the nature, extent and permanency of the alleged injury.” 14 Ruling Case Law, 696, Section 14. See also notes in 1 Ann. Cas., 266; Ann. Cas., 1917D, 351; 23 L. R. A. (N. S.), 463; 11 Ann. Cas., 844; 14 L. R. A., 466; 41 L. R. A. (N. S.), 1071; L. R. A., 1915E, 936.
 

 As to the rule in Ohio, this court, in
 
 Miami & Montgomery Turnpike Co.
 
 v.
 
 Baily,
 
 37 Ohio St., 104, held:
 

 “1. In an action to recover for personal injuries, caused by the negligence of the defendant, the court has power to require the plaintiff to submit his person to an examination by physicians or surgeons, when necessary to ascertain the nature and extent of 'the injury.
 

 “2. On the refusal of the plaintiff to comply with such order, when properly made, the court may dismiss the action, or refuse to allow the plaintiff to give evidence to establish the injury.”
 

 
 *390
 
 While it is true that some jurisdictions do not adhere to this rule, yet, as above indicated, we feel that it is the law of this state and is supported by the weight of authority.
 

 Defendant in error does not question the soundness of the rule, but maintains there is sufficient to show that the court abused its discretion in the premises because the defendant below in its application named the physician it wanted to make the examination. Undoubtedly the court was not bound to name the physician suggested by the party making the application. On the other hand, there is no reason preventing the court making that selection if in its sound discretion such physician was in its opinion a proper person to make such examination.
 

 There is no bill of exceptions in the case, and we are compelled to decide whether there was an abuse of discretion, based on the so-called affidavits appearing in the record.
 

 The journal entry of the court of common pleas reads:
 

 “It further appears from the sworn statements of said application that Dr. Guy Brown is a reputable physician and that he is experienced and qualified to make the physical examination concerning the injuries of plaintiff alleged in the petition. There being no evidence to the contrary the court finds that Dr. Guy Brown is a reputable physician and that he is experienced and qualified to make such physical examination.
 

 “The court finds that such physical examination should be made at a reasonable time and place, taking into consideration the interests and convenience of the plaintiff and of Dr. Guy Brown and having re
 
 *391
 
 ceived no suggestion or recommendation from plaintiff as to a reasonable time and place, the court finds that a reasonable time and place for such physical examination is at the office of Dr. Guy Brown, 4140 Hamilton Avenue, Cincinnati, Ohio, on Tuesday, December 24, at 2:00 o’clock p. m.”
 

 Under the rule that the court speaks by its journal and in the absence of a bill of exceptions, a reviewing court will assume the trial court had before it sufficient evidence to support its judgment, and there being nothing before us to show that the conclusions reached therein were not justified, we can reach no other conclusion than that the record fails to show such an abuse of discretion, or other error by the trial court, as justifies a reversal of its judgment.
 

 Judgment of Court of Appeals reversed and judgment of court of common pleas affirmed.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.