**SCHROEDER, a Minor, Plaintiff, v. CINCINNATI STREET RAILWAY COMPANY, a Corporation, Defendant.**

Common Pleas Court, Hamilton County.

No. A-110057. Decided February 1, 1949.

Dolle, O'Donnell & Cash, for plaintiff.
C. R. Beirne, for defendant.

By MORROW, J.:

It is well settled in this State that the defendant has a right to find out before trial how badly a plaintiff is hurt in a personal injury case. Hence, a Court may order the plaintiff to submit to a physical examination by a doctor other than the one employed by the plaintiff. See Syllabus 1, Kresge v. Trester, 123 Oh St 383.

The doctor chosen for the above purpose may be the choice of the defendant in the sense that the Court in its discretion may adopt the suggestion of the defendant as to who this doctor may be. It is not an abuse of discretion for the Court to name a doctor proposed by the defendant in the absence of evidence reflecting upon the ability and character of such doctor or questioning his accessibility to the plaintiff. I take it that this is the upshot of Syllabus 2 of the Kresge case.

The plaintiff here has raised a third question, however. He requests that the examining doctor file a report with the Clerk of Courts. This would make the report open to the plaintiff.

The full reasons for the rule stated in Syllabus 1 of the Kresge case probably are not set forth therein. It is possible that the plaintiff has exaggerated his injuries, or even simulated injury. The defendant is entitled to be accurately informed of the situation. It may be that he desires to settle the case by payment of fair compensation.

Judge Ryan stated in his opinion in Hayward v. Estridge et al, No. A-95693, of this Court:

"Said examination is for the purpose of enabling defendant to prepare its defense."

It should follow that there is no more reason for the plaintiff to be furnished with a report of defendant's doctor's medical examination than for the defendant to be furnished with a report of the plaintiff's doctor's examination.

There is no compelling reason why the examination be filed with the Clerk of Courts. In fact, the books speak of the examination as "a reasonable private physical examination." See Kresge case, 123 Oh St 389, and the plaintiff as well as the defendant might be interested in insuring that the examination is private and therefore not memorialized in a court record. Suppose that the plaintiff is suffering from some loathsome disease, or has a trouble that might bring on mental infirmity.

In fact, there is a question whether any report except verbal is necessary. The attorney for the defendant might be satisfied with a verbal report, and, as Judge Ryan has stated, in effect the report is for the benefit of the defendant and is not intended as a court record.

If all that the defendant's attorney desires is a verbal report, obviously there is no written report to file with the Clerk of Courts.

Another question is raised by the Neidhamer case, 19 O. O. 86.

Here the plaintiff was examined by defendant's doctor and report made, and later the plaintiff took the deposition of the defendant's examining doctor, and asked him what his findings were from the physical examination of the plaintiff. There might be some question whether plaintiff has the right to inquire as to the opinion of the physician concerning the condition of the plaintiff. The factual information concerning blood pressure, pulse, regularity of heart beat, urinalysis, could be elicited, but whether the plaintiff has the right to know the opinion of the doctor as to the permanency of the injury, the degree of disability incurred, presents another question which we are not called upon to decide here and now.

At all events the motion of the plaintiff for an order requiring the defendant to file a report of result of examination of the plaintiff by defendant's physician is denied.