**KELLEY, Plaintiff, v. SMITH & OBY CO. et al, Defendants**

Common Pleas Court, Cuyahoga County.

No. 635,817. Decided October 28, 1954.

Sindell & Sindell, Cleveland, for plaintiff.

Hauxhurst, Inglis, Sharp & Cull, Bulkley, Butler & Rini, Cleveland, for defendant.

## OPINION

By MATIA and THOMAS, JJ.

Should the court, as defendant moves, require the plaintiff to submit to a psychiatric and neurological examination by Dr. Jay B. Cohn, from which examination plaintiff's counsel and all other persons are excluded?

The inherent power of an Ohio trial court to compel a plaintiff in a personal injury action to submit to a physical examination is generally defined by the Supreme Court in **S. S. Kresge Co. v. Trester, 123 Oh St 383.** The first two paragraphs of the syllabus read:

"1. In an action for damages for personal injuries, the trial court has the power to require the plaintiff to submit to a reasonable physical examination . . . by competent physicians or surgeons, in order that the extent and nature of the injuries may be ascertained."

"2. The defendant does not have an absolute right to name the physicians or surgeons to make such examination, although the physicians or surgeons suggested by the party applying for such examination are not rendered ineligible thereby, the matter of selection being within the discretion of the trial court."

In the shadow of that power plaintiffs in personal injury actions, acting on advice of their counsel, ordinarily consent to undergo physical examinations without requiring the defendant to resort to court to obtain an order for a physical examination.

However, should a plaintiff challenge the competence of a doctor named

by the defendant to make an examination, the trial court, on motion, would pass on the doctor's competency. The power of the trial court to designate a competent doctor to physically examine a plaintiff in a personal injury action is ever present, though it may be seldom exercised. Necessarily, too, the trial court possesses the included power of determining and fixing reasonable conditions under which the plaintiff shall be examined.

One of the conditions to be established is whether or not plaintiff's counsel may be present at the examination of the plaintiff.

In the Trester case, supra, the Supreme Court approved and enforced the order of the trial court which directed the plaintiff to submit to a physical examination by a doctor chosen by the defendant. That order provided in part that

"the plaintiff be permitted to have present at such physical examination if she so desires her counsel and her own physician."

Undoubtedly, the adversary status of the examining doctor as doctor for the defense, prompted the trial judge to permit plaintiff's counsel and her doctor to be present at her examination by the defense doctor.

Permission for plaintiff's counsel to be present at a physical examination of the plaintiff, part of the approved order in the Trester case, is the general rule. Counsel for the defendant in effect are seeking to carve out an exception from such a general rule, when under the circumstances of this case they ask that plaintiff's counsel be excluded from the psychiatric and neurological examination of the plaintiff by defense Doctor Jay B. Cohn.

In support of its motion to exclude plaintiff's counsel and all other persons from Dr. Cohn's psychiatric examination of the plaintiff, defendant offers an affidavit of Dr. Cohn which in part states:

"that a psychiatric and neurological examiniation cannot be properly performed or conducted in the presence of third persons and this particularly is true where the third person has an interest in the outcome of the same; that many matters of a confidential nature must be inquired into, a patient's intimate feelings and emotions dealt with; that the presence of third person causes a patient, consciously or unconsciously, to guard, alter or disguise his responses; and that any diagnosis of a patient's condition or evaluation of a patient's complaints would be of questionable validity where the examination is performed in the presence of third persons."

In opposition to Dr. Cohn's position plaintiff's counsel presents his own affidavit and an affidavit of Dr. Reuben Gould, a competent psychiatrist, who states that the exclusion of third persons is unnecessary for a proper psychiatric and neurological examination.

Keeping in mind that the purpose of Dr Cohn's examination will be to ascertain for the defendant the nature and extent of plaintiff's psychiatric and neurologic condition, the examination manifestly should be held under conditions which are most conducive to an authentic appraisal of plaintiff's condition.

Though Dr. Cohn asserts that a psychiatric and **neurologic** examination (emphasis added) cannot be properly conducted in the presence of third persons, his reasons deal only with the psychiatric phase of the proposed examination. What he says is that "Many matters of a confidential nature must be inquired into and a patient's intimate feelings and emotions dealt with; that the presence of a third person causes a patient, consciously or

unconsciously, to guard, alter or disguise his responses." The doctor is speaking solely of voluntary responses obtained through psychiatric interrogation He is not referring to the nervous and muscular reactions elicited in a neurological examination and which are not subject to the will of the patient nor to the presence of a third party.

Confining the question solely as to whether third persons should be excluded from psychiatric examinations of plaintiffs in personal injury actions it is evident that Dr. Cohn and Dr. Gould, both competent psychiatrists, diametrically disagree. In the face of this conflict and on this record it is impossible to determine whether the best psychiatric practice requires the exclusion of third persons from a psychiatric examination.

In the absence of a preponderance of proof that the best psychiatric practice requires or rejects the exclusion of third persons from a psychiatric examination it is concluded that the controlling criterion in the instant case must be the wishes of the examining psychiatrist, unless patently unreasonable.

Bearing the responsibility of rendering an honest and valid opinion concerning the plaintiff's psychiatric condition, Dr. Cohn should be permitted to conduct a psychiatric examination under conditions of his selection, unless clearly unwarranted.

As to the psychiatric phase of Dr. Cohn's examination his insistence that the presence of a third person at the plaintiff's examination will cause the plaintiff "to guard, alter, or disguise his responses" seems reasonable in view of the purely subjective nature of a psychiatric examination.

However, as to the neurologic portion of his examination, Dr Cohn's affidavit fails to justify the exclusion of plaintiff's counsel from this part of the examination. No reason is given and none is perceived why a neurologic examination should be treated differently from a general physical examination of a plaintiff in a personal injury action, at which plaintiff's counsel is permitted to be present in accordance with the practice followed in S. S. Kresge Co. v. Trester, supra.

What then are the conditions under which the neuro-psychiatric examination of the plaintiff shall proceed?

1. The psychiatric portion of the examination shall be limited to the plaintiff's claims of physical injury, mental injury, pain and suffering, as recited in his petition, and the prior physical and mental history of the plaintiff, his antecedents, and his immediate family.

2. Questions pertaining to the happening of the accident described in the petition may be permitted only insofar as they relate to the nature and extent of the injuries sustained at the time of the accident and such questions must be put to the plaintiff in the presence of his counsel.

3. Plaintiff's counsel shall be excluded from the psychiatric examination except as specified in paragraph No. 2.

4. The making of any neurologis tests of the plaintiff shall be in the presence of plaintiff's counsel.