Per Curiam.

Since there is neither a record nor an agreed stipulation of facts in this case, the parties proceeded to take testimony by depositions as authorized by the provision of Section 7 of Rule XV of the Rules of the Supreme Court that, “where, in causes filed originally in this court, it is necessary to take testimony, the same shall be taken by depositions as provided by law”; by the provision of Section 2319.06, Revised Code, that “either party may commence taking testimony by deposition at any time after service upon the defendant”; and by the provision of Section 2317.07, Revised Code, that, “at the instance of the adverse party, a party may be examined as if under cross-examination, orally, by way of deposition, like any other witness.” Relator took the depositions of all the respondents, as on cross-examination, “to be read on behalf of the plaintiff-relator at the trial of the above entitled cause. ’ ’
Respondents caused to be served on relator and his counsel a notice to take depositions, and relator was served with a subpoena to appear at a specified time and place to have his deposition taken as on cross-examination to be used as evidence on the trial.
Under the above-quoted authority, respondents sought to and had the right to take relator’s deposition. Relator failed to comply with the subpoena, and, in reply to a letter written to a physician by respondents’ counsel to ascertain when relator would be available for deposition, the physician advised: “From our present findings it appears that Mr. Gullett will never be able to be subjected to examination by means of deposition wherein he would be questioned.” Thus respondents were deprived of their right to take the deposition of relator.
This court has held that, where a trial court at the request of the defendant in a personal injury action orders the plaintiff to submit to a reasonable physical examination at a proper time and place by a competent physician and such plaintiff refuses to comply with such order, the trial court may dismiss the action pursuant to what is now Section 2323.05, Revised Code, which reads so far as pertinent:
“An action may be dismissed without prejudice to a future action: * #
*376 “(B) by the court, when the plaintiff fails to appear at the trial; í Í * * *
“(E) by the court, for disobedience by the plaintiff of an order concerning the proceedings in the action.” . S. S. Kresge Co. v. Trester, 123 Ohio St., 383, 175 N. E., 611; Miami & Montgomery Turnpike Co. v. Baily, 37 Ohio. St., 104.
Since it is proper to dismiss the action in such an instance, it follows that a court may dismiss an action, as in the instant case, where the party prosecuting such action refuses to comply with the statutory duty to submit to cross-examination by the opposing party. The failure to comply with the statutory duty prescribed by Section 2317.07, Revised Code, above quoted, where request is properly made, constitutes, in effect, “disobedience” of “an order concerning the proceedings in the action” within the meaning of Section 2323.05, Revised Code.
'■ The motion to dissolve the alternative writ heretofore issued and to dismiss the petition is sustained.

Motion sustained.

Weygandt, C. J., Zimmerman, Stewart, Taft, Matthias, Bell and Herbert, JJ., concur.