STEELE, Plaintiff, v. TRUE TEMPER CORPORATION, a Corporation, et, Defendants.

Common Pleas Court, Ashtabula County.

No. 47691. Decided May 2, 1961.

278

Mr. *Tom R. Bailey*, for plaintiff.

Mr. *Gordon Nazor*, for defendant, True Temper Corporation.

Mr. *E. Terry Warren* and Mr. *Ronald G. Varckette*, for defendant, The City of Ashtabula.

LAMBROS, J. This is an action for bodily injuries allegedly resulting from a fall on a sidewalk due to the negligence of the defendants.

The defendants have filed separate motions to require plaintiff to submit to a physical examination by a doctor or doctors to be selected by the defendants. The defendant, The City of Ashtabula, in oral argument, requested that Dr. J. Richard Nolan of Ashtabula, Ohio, an orthopedic surgeon, be selected to conduct the physical examination. The defendant, True Temper Corporation, has requested that Dr. Wallace Duncan, an orthopedic surgeon of Cleveland, Ohio, be selected to conduct the physical examination.

In their separate motions, each defendant moved for an order that the defendant not be required to supply a copy of the doctor's report to the plaintiff or her attorney.

In oral argument, counsel for the respective parties admit that the power to subject a plaintiff for a pretrial physical examination lies within the sound discretion of the Court. However, counsel for the plaintiff makes the following objections:

1. That the Court does not have power to require plaintiff to travel to a county beyond where the examining doctor can be reached by subpoena.

2. That if a physical examination is ordered, plaintiff has a right to a copy of the physician's report of the pretrial examination.

The issues involved herein are as follows:

1. In the absence of a specific statute or rule providing therefor, does the Court have the authority to order a pretrial physical examination of the plaintiff suing for damages for alleged bodily injuries?

2. If so, does counsel for the defendant have the right to select the examining doctor or does the selection lie within the sound discretion of the Court?

3. If an examination is ordered, does the Court have the power to require the plaintiff to travel beyond the territorial limits of the Court's jurisdiction?

4. Does counsel for the plaintiff have the right to be present during such physician's examination?

5. Does plaintiff have a right to a copy of the physician's report of pretrial examination?

This Court has never initiated a specific rule providing for physical examinations in personal injury cases nor has a precedent been established respecting such physical examinations and the conditions under which such physical examinations may be conducted. For this reason, this Court is constrained to outline its views in this opinion.

There is no general statutory provision in Ohio governing the ordering of an impartial physical examination of the plaintiff in personal injury cases. However, the rule is well established in Ohio that trial courts in actions to recover damages for personal injuries have an inherent discretionary power to order a reasonable physical examination of the plaintiff to be made before trial by competent physicians and surgeons whenever such examination is necessary to ascertain the nature, extent, or permanency of the alleged injuries. Despite certain initial misgivings as to the propriety of compelling pretrial medical examinations, it is now generally accepted that they are appropriate when the mental or physical condition of a party is in controversy.

The case of *S. S. Kresge Company* v. *Trester*, 123 Ohio St., 383, is one of the leading cases in Ohio on the question of pretrial physical examination. The syllabus of this case reads as follows:

"1. In an action for damages for personal injuries, the

trial court has the power to require the plaintiff to submit to a reasonable physical examination, at a proper time and place, by competent physicians or surgeons, in order that the extent and nature of the injuries may be ascertained. (*Miami & Montgomery Turnpike Co.* v. *Baily,* 37 Ohio St., 104, approved and followed.)

"2. The defendant does not have an absolute right to name the physicians or surgeons to make such examination, although the physicians or surgeons suggested by the party applying for such examination are not rendered ineligible thereby, the matter of selection being within the discretion of the trial court.

"3. While the trial court's ruling is subject to review on error, the same will not be disturbed unless an abuse of discretion affirmatively appears."

The Supreme Court, in the *Kresge* v. *Trester case,* followed the rules laid down in 14 Ruling Case Law, 696, Section 14; 23 L. R. A. (N. S.), 463; 14 L. R. A., 466; 41 L. R. A. (N. S.), 1071; and the case of *Miami & Montgomery Turnpike Co.* v. *Baily,* 37 Ohio St., 104.

Counsel for the respective parties do not question the propriety of the Court ordering such a pretrial medical examination; however, the conditions under which such examination is to be conducted, the selection of the doctor, the place and the right to a copy of the medical report are the primary questions wherein disagreement lies. The Supreme Court, in the *Kresge* v. *Trester case* above cited, has pronounced that the matter of selection is within the discretion of the trial court and that physicians and surgeons suggested by the party applying for the examination are not rendered ineligible thereby.

In the instant case, counsel for the True Temper Corporation has requested that Dr. Wallace Duncan, a notable Cleveland, Ohio, orthopedic surgeon, be selected to conduct the examination, and the defendant, City of Ashtabula, has requested that Dr. J. Richard Nolan, an Ashtabula, Ohio, orthopedic surgeon, be selected.

This Court is of the opinion that physicians or surgeons within the territorial limits of the Court's jurisdiction should be selected to conduct said examinations if the circumstances of the case and the injuries involved therein are of such a nature

that competent physicians and surgeons are available within the court's jurisdiction.

71 A. L. R. 2d, pages 965 through 982, contains a resume of authority on the Court's power to order physical examinations of a personal injury plaintiff as affected by *distance or location of place of examination.* This Court is of the opinion that a Court cannot arbitrarily compel the appearance of a plaintiff at a place far removed from the environs of the court. It appears from a review of the several cases outlined in 71 A. L. R. 2d, that the distance or location of the place of examination is within the discretion of the court. If competent physicians or surgeons are located in close proximity of the court's jurisdiction, then, sound discretion dictates that such doctors should be selected. However, this Court readily understands that personal injury litigation has become a specialty and that new and modern techniques have been discovered in the diagnosis of certain injuries or ailments. This Court accepts the fact that many physicians and surgeons specialize in certain branches of medicine and that oftentimes the question of the causal relationship between trauma and certain injuries is highly technical and competent determinations can only be made by those highly skilled in a special branch of medicine. Therefore, this Court is of the opinion that the facts and circumstances of each case must be considered before a competent determination can be made by the Court regarding selection. This Court does not feel that it is unreasonable to require plaintiff to travel to Cleveland, Ohio, or other areas outside the jurisdiction of this Court so long as qualified physicians and surgeons are not available at a nearer locale.

The factors which must be considered in determining the distance or location of place of examination must be the availability of qualified examiners within close proximity of the court and the physical condition of the plaintiff. If the physical condition of the plaintiff is such that harm could result to the plaintiff from a trip to a distant location, then it would be an abuse of discretion to require the plaintiff to travel such a distance.

This Court calls to counsels' attention the case of *Reed* v. *Marley*, 71 A. L. R. 2d, 965, 321 S. W. 2d, 193. The Court in

this case ruled that the court has the right to have the injured person sent to a physician some distance away if it is shown that a satisfactory examination by a competent and qualified physician cannot be had at a nearer locale.

This Court is of the opinion that the plaintiff has a right to have his attorney present during his physical examination at the instance of the opposing party. There is a possibility that improper questions may be asked of the plaintiff, and a lay person should not be expected to evaluate the propriety of every question at his peril. For this reason, a party has the right to have his counsel present at the examination conducted by the physician designated by the Court. The Court appoints the examining physicians, but they conduct the examination as their experience and judgment command.

A doctor should, of course, be free to ask such questions as may be necessary to enable him to formulate an intelligent opinion regarding the nature and extent of the plaintiff's injuries, but he should not be allowed to make inquiries into matters not reasonably related to the legitimate scope of the examination. Whenever a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked and a lay person should not be expected to evaluate the propriety of every question at his peril. The plaintiff, therefore, should be permitted to have the assistance and protection of an attorney during the examination.

It may be contended that an attorney, by making groundless objections, may hinder an examination thereby depriving the defendant of the benefit of an informed medical opinion. The plaintiff, however, should not be left unprotected on the assumption that an attorney will unduly interfere with the examination. Should such interference occur, appropriate steps may be taken by the Court to provide the doctor with a reasonable opportunity to complete his investigation of the nature and extent of the injuries plaintiff may have sustained. The right of a party to have his attorney or physician present during his physical examination is reviewed in 64 A. L. R. 2d, pp. 494 through 503; *Kelley* v. *Smith & Obey Company*, 70 Ohio Law Abs., 202; *S. S. Kresge* v. *Trester*, 123 Ohio St., 383; *Francisco* v. *Hoffman*, 60 O. O., 371.

The question of the right to a copy of a physician's report of a pretrial physical examination has arisen in this case. Generally, the cases reflect conflicting views on the question of whether the plaintiff is entitled to such a report. This question is set forth in detail in 70 A. L. R. 2d, 384 et seq.

In Ohio the prevailing view appears to be that where a pretrial physical examination of plaintiff is had at the instance of defendant in preparation for his defense and for his benefit, the doctor's report of that examination becomes confidential and plaintiff is not entitled to a copy of it. *In re Bates* (1957), 167 Ohio St., 46, 4 Ohio Opinions 2d, 10, 146 N. E. 2d, 3606; *Schroeder* v. *Cincinnati Street Railway Co.* (1949, CP), 60 Ohio Opinions, 370, 74 Ohio Law Abs., 412, 139 N. E. 2d, 129; *Carpenter* v. *Dawson* (1954, CP), 60 Ohio Opinions, 373, 74 Ohio Law Abs., 257, 138 N. E. 2d, 172; *Theetge* v. *Cincinnati Street R. Co.* (1955 CP), 60 Ohio Opinions, 372, 139 N. E. 2d, 365.

In *Schroeder* v. *Cincinnati Street R. Co.* (1949 CP), 60 Ohio Opinions, 370, 74 Ohio Law Abs., 412, the court said that such examination is for the purpose of enabling the defendant to prepare its defense, and it should follow that there is no more reason for plaintiff to be furnished with the report of the defendant's doctor than for the defendant to be furnished with a report of the plaintiff's doctor.

In *Theetge* v. *Cincinnati Street Railway Co.*, 60 Ohio Opinions, 372, the court, in granting the motion for medical examination, said that the medical report is confidential and plaintiff is not entitled to a copy of it. The same rule was followed in *Carpenter* v. *Dawson*, 60 Ohio Opinions, 373; however, the court said that the examining physician would be subject to having his deposition taken at the instance of the plaintiff, if the plaintiff so desired.

The above cases adhere to the principle that the report is confidential and although the examining doctor may be questioned on deposition as to what his examination disclosed, he cannot be made to testify as to what his report to defendant disclosed.

On the other hand, *In re Bates*, 167 Ohio St., 46, where plaintiff sought to take the deposition of defendant's physician who had conducted a pretrial physical examination of him, the court,

in reversing the judgment below, which found the physician guilty of contempt for refusing to answer plaintiff's questions, said that since plaintiff, as shown by the allegations of his petition, was fully informed in respect to medical findings, diagnosis, and prognosis about his injuries, the information obtained by defendant's physician was not such a necessary link in plaintiff's case as to permit him to elicit such information from the physician by deposition.

The court, in *Francisco* v. *Hoffman* (1955, CP), 60 Ohio Opinions, 371, in granting a pretrial medical examination of the plaintiff, arrived at a contrary result and said that in view of the discretion vested in it in this matter, it would further order that counsel for the plaintiff, if he or the plaintiff's personal physician was not present at such examination, might examine the report under the limitations set forth in 17 American Jurisprudence, 53, Discovery and Inspection (now 17 American Jurisprudence, Discovery and Inspection, Sec. 56, pp. 62 and 63): "The physician's report should be open to inspection of counsel on both sides of the controversy, but not for use or evidence except in the cross-examination of the surgeon or physician in the event he is introduced as a witness at the trial."

It is the opinion of this Court that the *Francisco case* is not in accord with the prevailing view of the Ohio courts and must be considered a minority view in this state.

Historically, the rules laid down by the English courts are in accord with the prevailing Ohio view. In England today the rule appears to be that where an examination of the plaintiff is conducted at the instance of the defendant and to enable defendant to prepare his defense, the physician's report of that examination is privileged and cannot be disclosed to the plaintiff.

The New York courts, however, have taken a contrary view, namely, that the plaintiff is entitled to a copy of a physician's report of his pretrial physical examination where such examination was had pursuant to court order.

Having reviewed this question respecting plaintiff's right to the report, this Court is constrained to follow the prevailing Ohio view that the plaintiff is not entitled to the pretrial medical report and that the report is confidential. Furthermore, it is

the view of this Court that the plaintiff does not have the right to examine the examining doctor by deposition or by calling him as a witness at trial.

Traditionally, litigation has been an adversary process with the burden of proof resting on the plaintiff. Therefore, why should the defendant be required to divulge the aspects of his investigation and his evidence as long as a corresponding obligation does not fall upon the plaintiff? This Court does not feel that such rule is a harsh imposition upon the plaintiff. It is intended to provide the defendant with some knowledge of the allegations in order that he may prepare his defense and does not in any way operate to deny the plaintiff of any rights or place him at any disadvantage.

Accordingly, until a specific statute is enacted or a rule promulgated to the contrary, this Court shall protect the confidential nature of defendant's pretrial physical examination of the plaintiff and medical report.

It is the opinion of this Court that the medical report and information obtained by the examining doctor by order of court and at the request of the defendant is a part of defendant's so-called work product, thus allowing defendant the opportunity of freely seeking the advisory opinions of his own expert in preparation for defense. An attorney obviously cannot perform himself the expert's task, and the seeking of expert talent and skill should be encouraged. If the courts permit discovery of the expert's findings, an attorney would be reluctant to seek such expert counsel and litigation would be reduced to reckless conjecture and uncertainty. Thus, it appears appropriate to this Court to grant work-product protection in such cases in order to assure that litigants would not be deprived of expert assistance and advice.

This Court wishes to call to counsels' attention a very scholarly version of the so-called "Work Product Doctrine" contained in Vol. 74, p. 1027 et seq., Harvard Law Review, "Developments in the Law—Discovery." While not necessarily covering the subject at hand, the article contains some noteworthy rationale which aided this Court in the formulation of this opinion.

Therefore, it is ordered that the plaintiff, Louise Steele,

submit to a physical examination by J. Richard Nolan, M. D., an orthopedic surgeon of Ashtabula, Ohio, who is hereby selected by this Court as a qualified physician to perform such examination; that copies of the medical report or reports of Dr. Nolan be submitted only to the defendants, True Temper Corporation and the City of Ashtabula or to their attorneys; and that copies of said reports not be delivered to the plaintiff or her attorney without the express consent of both defendants. It is further ordered that the defendants, True Temper Corporation and the City of Ashtabula, pay for the cost of said examination and reports. It is further ordered that the attorney for the plaintiff and/or plaintiff's physician may be present at said examination.