HARNESS, k.n.a. Eberst, Appellant,

v.

HARNESS, Appellee; HARNESS; HARNESS, Appellee.

[Cite as *Harness v. Harness* (2001), 143 Ohio App.3d 669.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 00CA2570.

Decided June 4, 2001.

*Katherine Hine,* for appellant.

*Stephen Gussler,* for appellee.

*Michael M. Ater,* for appellees Daniel R. Harness, Jr., and Martha Jane Harness.[1]

*Per Curiam.*

Appellant, Tamisha L. Harness, n.k.a. Eberst, filed an appeal from the August 4, 2000 journal entry that (1) denies her motion to strike the Child Protection Clinic ("CPC") reports, (2) grants the Ross County Prosecuting Attorney's motion to quash appellant's motion for release of sex offender counseling program records, (3) denies appellant's motion for release of the sex offender counseling program records, (4) appoints Jack Tarpy to administer psychological evaluations of the parties and other concerned individuals, and (5) vacates the hearing date on the visitation issues. The extent of visitation privileges between appellee James M. Harness, James's children, and Daniel and Martha Jane Harness, the children's paternal grandparents, is the crux of the dispute in this case. Appellant also appeals the September 7, 2000 order clarifying journal entry that denies appellant's and Cynthia's joint motion for mental examinations. The September 7 order states that plaintiffs will not be permitted to select an evaluator to perform the psychological examinations and clarifies that the sex offender treatment records are privileged and will not be made available to any mental health professional.[2]

A summary of the relevant facts is in order to clarify the status of the parties and how the underlying issues in the trial court led to the case *sub judice.* The marriage of Tamisha and James Harness was terminated by the August 7, 1992 decree of dissolution. Appellant was designated as the residential parent and legal custodian of their minor child, Allen Michael. James was granted companionship visitation rights to accommodate his work schedule.

On July 14, 1995, the first of many motions was filed concerning visitation. Since that time, the parties have never reached a satisfactory resolution to their visitation issues. The last round of disputes was initiated by appellant's September 24, 1999 "Motion to Terminate Shared Parenting & All Companionship." On November 1, 1999, the trial court granted Daniel and Martha Jane Harness's "Motion to Join the Paternal Grandparents as Parties."

---

1. The styles of the cases on the August 4, 2000, and September 7, 2000 judgments do not reflect that Daniel R. Harness and Martha Jane Harness were joined as parties in both *Tamisha L. Harness v. James M. Harness* (Aug. 7, 1992), Ross C.P. No. 92 DR 220, unreported, and *Cynthia A. Harness v. James M. Harness,* Ross C.P. No. 98 DR 313.

2. Cynthia A. Harness did not appeal the August 4 journal entry and has not participated in this appeal.

The trial court's rulings on appellant's and Cynthia's March 24, 2000 "Joint Motion for Mental Examinations of Defendant & Paternal Grandparent Intervenors & for Release of Sex Offender Counseling Program Records" lead directly to this appeal. The proposals filed by James and his parents concerning the examinations contend that both appellant and Cynthia should be examined. James's proposal alleges that either appellant and/or Cynthia has a medical history involving treatment for psychiatric disorders. Appellant is adamantly opposed to being subjected to a mental examination.

On May 8, 2000, appellant filed two separate motions to hold James in contempt and a third motion to hold Daniel Harness in contempt. On May 16, 2000, the trial court found that the children's best interests would be served by requiring James, his parents, appellant, Cynthia, and the children to submit to mental examinations. On May 23, 2000, James moved the court for an order granting him companionship with Allen Michael and Logan,[3] pending a final hearing on the custody and contempt issues, or in the alternative, an order of companionship under the supervision of Daniel and Martha Jane Harness.

On May 30, 2000, the Ross County Prosecuting Attorney, on behalf of the Ross County Probation Department, filed its objection to appellant's subpoena for production of records pertaining to James Harness's probation in *State v. Harness* (Oct. 22, 1999), Ross C.P. No. 99 CR 182, and to his treatment in the probation department's sex offender counseling program. The acrimony continued as Daniel and Martha Jane Harness filed their May 30, 2000 motion to hold appellant and her attorney in contempt for filing the May 8 motion against Daniel for contempt. On June 2, 2000, appellant filed her motion to strike from the record all reports and observation notes emanating from the Child Protection Center, which was the site chosen by the court for the supervised companionship between the children and all the Harnesses.

On July 31, 2000, the magistrate's rulings on appellant's contempt motions were approved by the trial court. James and Daniel were both found not in contempt of the companionship order. James was found in contempt for failure to pay medical expenses and was allowed to purge himself by paying $214.32 to appellant by August 31, 2000. The record does not reflect whether James purged himself of contempt. Likewise, no ruling was issued on Daniel's and Martha Jane's motion to hold appellant and her attorney in contempt. The court ordered James's companionship to remain supervised at the Child Protection Center and stated that Daniel and Martha Jane were permitted to be present during the visitations. On August 4, 2000, the trial court filed the "Journal Entry" that was clarified in the September 7, 2000 order. This appeal ensued.

---

3. Logan is the child of James and Cynthia Harness.

■ We have considered the jurisdictional arguments filed by the parties concerning the issue of whether the August 4, 2000 "Journal Entry" and the September 7, 2000 "Order Clarifying Journal Entry" are final appealable orders. Appellate courts in Ohio have jurisdiction to review the final orders or judgments of lower courts within their districts. See Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02; *Prod. Credit Assn. v. Hedges* (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360, 1362, fn. 2; *Kouns v. Pemberton* (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701, 702. If an order is not final and appealable pursuant to R.C. 2505.02, a court of appeals does not have jurisdiction to consider the matter.

Appellant contends that the August 4 and September 7 orders constitute final orders under R.C. 2505.02(B)(2) because they were made in a special proceeding and affect her and Allen Michael's substantial rights. R.C. 2505.02(B) provides:

"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

"* * *

"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

■ A special proceeding is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). See *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213. Divorce is a special statutory proceeding, as are the ancillary claims such as change of custody. See *Koroshazi v. Koroshazi* (1996), 110 Ohio App.3d 637, 640, 674 N.E.2d 1266, 1268; *State ex rel. Papp v. James* (1994), 69 Ohio St.3d 373, 632 N.E.2d 889. The case *sub judice* originated in a divorce action and currently involves the issues of custody and visitation; thus, the orders being appealed were made in a special proceeding.[4]

■ However, an order made in a special proceeding is final only if it affects a substantial right. See R.C. 2505.02(B)(2). A substantial right is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). "An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181, 184.

---

4. Likewise, the unresolved contempt proceedings are also special proceedings. See *Riley v. Riley* (May 11, 2000), Jackson App. No. 99CA851, unreported, 2000 WL 670303.

 Appellant first contends that the August 4 and September 7 orders affected both appellant's and Allen Michael's substantial rights by denying her access to James's sex offender treatment records. When a psychiatric examination or substance abuse evaluation is ordered by a court, the person to be examined is required to involuntarily submit to the examination, evaluation, and treatment. No privilege applies where the psychiatric examination is to assist the court in determining the best course of action. However, when the subject of the examination is also required to undergo treatment, the rationale for applying the physician-patient or psychologist-patient privilege applies. See *In re Wieland* (2000), 89 Ohio St.3d 535, 733 N.E.2d 1127; *In re Miller* (1992), 63 Ohio St.3d 99, 585 N.E.2d 396. Thus, the sex offender treatment records are privileged. Appellant has no substantial right to discovery of privileged material.

 Appellant's second and third arguments both revolve around Civ.R. 35(A); thus, we will address them together. Appellant contends that the trial court denied her the right to an expert pursuant to Civ.R. 35(A) and further contends that the trial court ordered the mental examinations of all the parties and children in this matter without complying with Civ.R. 35(A). Civ.R. 35(A) states:

 "When the mental or physical condition * * * of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit himself to a physical or mental examination or to produce for such examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or person by whom it is to be made."

Civ.R. 35(A) requires a motion for good cause and notice to the parties of, among other things, the person who will conduct the examination. However, Civ.R. 35(A) does not provide the party seeking an examination the absolute right to pick the examiner. See *S.S. Kresge Co. v. Trester* (1931), 123 Ohio St. 383, 175 N.E. 611. Notwithstanding the fact that appellant's and Cynthia's March 24, 2000 motion for a joint examination was brought pursuant to R.C. 3109.04(C), appellant's memorandum in support of jurisdiction alleges that there are problems with the trial court's appointment of an examiner pursuant to R.C. 3109.04.[5] However, appellant fails to identify the nature of the problems or to elaborate further on the alleged problems that she perceives in evaluations ordered pursuant to R.C. 3109.04(C). R.C. 3109.04(C) applies to actions not only prior to trial but also in post-judgment proceedings.

---

5. Appellant's memorandum in support of jurisdiction is contained on pages 5 through 10 of her November 6, 2000 brief.

A court making allocation of parental rights and responsibilities shall take into account that which is in the best interest of the children. See R.C. 3109.04(B). The best interest of the children naturally includes the psychological health and stability of the parties. R.C. 3109.04(C) states:

"Prior to trial, the court *may* cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of each parent and may order the parents and their minor children to submit to medical, psychological, and psychiatric examinations. * * *" (Emphasis added.)

■ The use of the word "may" in the statute clearly indicates that the decision whether or not to order psychological evaluations is up to the discretion of the trial court. See *Heyob v. Newman* (Dec. 8, 1987), Highland App. No. 638, unreported, 1987 WL 26726. We find no authority that holds that a trial court cannot order an evaluation pursuant to R.C. 3109.04 after a party has filed a Civ.R. 35(A) motion.

The record reflects that appellant and Cynthia raised the issues of the mental conditions of James and of his parents, whereupon Daniel and Martha Jane Harness moved the trial court to order evaluations of appellant and Cynthia. Shortly thereafter, James filed his response to the joint motion for mental examinations alleging that one or both of his ex-wives has a medical history involving treatment for psychiatric disorders. Consequently, the trial court ordered mental evaluations of all of the parties. Appellant has not established that the trial court's decision to order psychological evaluations of all of the parties, before deciding the specifics of the hotly contested visitation issues, affected her or Allen Michael's substantial rights.

■ Appellant argues that her substantial rights will be affected if the court does not appoint the expert of her choice to conduct the evaluations. However, she provides no authority to support this contention. R.C. 3109.04(C) does not contain any requirement that good cause be shown for a mental examination ordered under this section. Nor does one seeking a mental evaluation have an absolute right to choose the expert to conduct the evaluation. See *Trester, supra*.

The trial court selected its own expert, Jack Tarpy, who was not among those experts proposed by any of the parties. The August 4 journal entry appoints Jack Tarpy to conduct the psychological evaluations of the parties and other concerned individuals and further states that Jack Tarpy shall be considered to be the court's witness. Pursuant to both Civ.R. 35(B) and R.C. 3109.04(C), appellant will have access to Jack Tarpy's reports, and he will be subject to cross-examination if his testimony is offered at the hearing on this matter. R.C. 3109.04(C) further states:

"The report of the investigation and examinations shall be made available to either parent or his counsel of record not less than five days before trial, upon written request. The report shall be signed by the investigator, and the investigator shall be subject to cross-examination by either parent concerning the contents of the report. The court may tax as costs all or any part of the expenses for each investigation."

Pursuant to R.C. 3109.04(C), appellant will have the opportunity to review Tarpy's reports well before the hearing, as well as to confront and cross-examine him about the contents of the reports at the hearing. Thus, she will have the opportunity to bring to the trial court's attention all of the problems that she alleges exist with this expert and with the results of his examinations.

Appellant relies on *Shoff v. Shoff* (July 27, 1995), Franklin App. No. 95APF01–8, unreported, 1995 WL 450249, as authority for the proposition that in the context of custody proceedings, a trial court's Civ.R. 35 order for a psychological evaluation is final and appealable. We are not convinced that, under the facts of the case *sub judice,* appellant will suffer harm if the court's expert conducts these psychological evaluations. Further, whatever harm might ensue can be corrected by an appeal from the final order after the trial court resolves all of the issues. See *Montecalvo v. Montecalvo* (1999), 126 Ohio App.3d 377, 710 N.E.2d 379. Accordingly, appellant has failed to establish that her and her son's substantial rights have been affected by the trial court's August 4 and September 7 orders appointing Jack Tarpy to conduct the examinations.

Appellant further argues that the August 4 and September 7 orders deny her a provisional remedy pursuant to R.C. 2505.02(A)(3). " 'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C. 2505.02(B)(3). An order is final when it grants or denies a provisional remedy and to which both of the following apply:

"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4).

We have already found that appellant would be afforded a meaningful and effective remedy by an appeal of the final order in this matter, which includes the interlocutory discovery rulings. Thus, the rulings that the trial court made denying the parties and the experts access to the sexual offender treatment records do not meet both of the requirements of R.C. 2505.02(B)(4)(b).

Appellant concedes that the August 4 and September 7 orders leave issues unresolved; thus, they appear to be nonfinal. The issues being appealed all concern matters of discovery. Generally, a discovery ruling is an interlocutory order; thus, it is not appealable. *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, paragraph seven of the syllabus. Appellant has not established that the discovery orders in the case *sub judice* will foreclose her from appropriate relief in the future if not immediately appealed.

In addition, Daniel Harness's motion to hold appellant and her attorney in contempt is unresolved. Likewise, the record does not reflect that appellant's motion to hold James in contempt for failure to pay medical expenses has been completely resolved. Last, all of the visitation questions still remain pending. Accordingly, we find that the August 4 and September 7 orders are not final pursuant to R.C. 2505.02(B)(2) and (B)(4). Accordingly, this court lacks jurisdiction to determine the merits of the appeal.

*Appeal dismissed.*

PETER B. ABELE, P.J., and HARSHA, J., concur in judgment only.