Helen STEFAN, et al., Plaintiffs,

v.

TRINITY TRUCKING, LLC, et al., Defendants.

No. 3:10 CV 1362.

United States District Court, N.D. Ohio, Western Division.

July 12, 2011.

Michael J. Leizerman, Ronald F. Leonhardt, Law Office of E.J. Leizerman, Toledo, OH, for Plaintiffs.

Russell W. Porritt, II, Ward, Anderson, Porritt & Bryant, Toledo, OH, for Defendants.

### ORDER

JACK ZOUHARY, District Judge.

#### INTRODUCTION AND FACTS

Defendant Trinity Trucking, LLC ("Trinity") and Plaintiff Helen Stefan ("Stefan")

were involved in a car accident in July 2008 that formed the basis for this lawsuit (Doc. No. 1 at 2, ¶ 1). On June 30, 2011, Stefan appeared at the first of two Independent Medical Examinations ("IME") as part of ongoing discovery. Stefan's counsel asked to be present in the examination room during the medical exam, but the physician refused to conduct the examination with Stefan's counsel present. Stefan's counsel telephoned Trinity to discuss the matter, which the parties then submitted to this Court for resolution.

## DISCUSSION

### Federal Law

Federal Civil Rule 35 gives a court the discretion to order the physical or mental examination of a party to litigation; however, the provision is silent concerning who may be present during those examinations. There exists scant case law concerning this matter, and conflicts exist between federal and Ohio precedent.

The majority of federal cases find there is no inherent right to the presence of counsel during an IME. *See Cline v. Firestone Tire & Rubber Co.*, 118 F.R.D. 588, 589 (S.D.W.Va.1988); *Tomlin v. Holecek*, 150 F.R.D. 628, 631–32 (D.Minn.1993). In the only case on point within the Sixth Circuit, *Heffelfinger v. Connolly*, No. 3:06–CV–2823, 2008 WL 4417177, at *1 (N.D.Ohio 2009), the court relied on several persuasive reasons to disallow counsel or recording devices in the examination room, including: (1) institutional policies prohibiting such attendance; (2) risks to the integrity of the examination; and (3) ethical considerations. With regard to the integrity of the examination, the court found persuasive the IME's emphasis on the need to "implement and maintain standardized procedures, avoid distractions and possible influence on the plaintiff's motivation and enable appropriate rapport between the examiner and plaintiff." *Id.* The court also ruled, however, that it retained the discretion to allow such monitoring, if the party requesting the presence of counsel could show good cause. *Id.* (citing W. Wyatt & R. Bales, *The Presence of Third Parties at Rule 35 Examinations*, 71 TEMP. L. REV. 103, 127, 129 (1998)).

*Heffelfinger* relied upon decisions from other district courts around the country—specifically *Tomlin* and *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620 (D.Kan.1999). *See Heffelfinger*, 2008 WL 4417177, at *1. In *Tomlin*, the court addressed an attorney's presence at a psychological exam, which it noted might be more prone to strategic abuse due to the discursive nature of the evaluations and breadth of relevant discussion topics. 150 F.R.D. at 631. The court stated, however, that while there was more chance for abuse, there was also a much greater need for doctor-patient privacy, and thus the presence of any third party could chill the free exchange of sensitive matters and frustrate the very purpose of the examination. *Id.* at 632. Finally, the court explained that if the medical community discredited the specific technique the examiner employed, the method was of questionable validity or could jeopardize the plaintiff's well-being, the court could intervene. *Id.*

*Hertenstein* ruled in the same manner, noting "[t]he court has discretionary authority under Rule 26(c) to appropriately limit discovery," and "[w]hether the court permits the presence of a third person, either mechanical or human, depends upon the facts of the case." 189 F.R.D. at 630. The court provided three main reasons a party may want a recorder or counsel present during an examination: (1) fear that the examiner will attempt to elicit damning responses from the examinee to help the opposing party; (2) fear the examiner will employ "improper, unconventional, or harmful" techniques; and (3) a need for emotional support during the exam. *Id.* These factors, however, are mitigated by, and must be balanced against, the reasons to prevent counsel's presence, including invalidation of results, destruction of the "level playing field," and the injection of a greater degree of the adversarial atmosphere into what is supposed to be an impartial setting. *Id.* at 631 (citing *Tomlin*, 150 F.R.D. at 631–34).

Likewise, in *Di Bari v. Incaica Cia Armadora, S.A.*, the court explicitly prohibited plaintiff's counsel from attending the plain-

tiff's psychiatric examination by the defendant's expert. 126 F.R.D. 12, 13 (E.D.N.Y. 1989). However, the court allowed a court reporter present during the examination, because the exam was "in reality adversarial in nature," the plaintiff was uneducated, had trouble speaking and understanding the English language, could have difficulty recounting the details of the examination to refute those facts at trial, and could easily be hoodwinked into disclosing privileged information. *Id.* Under those circumstances, the court deemed the reporter's presence reasonable. *Id.*

Conversely, in *Zabkowicz v. West Bend Co.*, the court ruled that because the examining doctor worked solely for the benefit of the defendants' interests, he was not neutral, and plaintiff's counsel could be present. 585 F.Supp. 635, 636 (E.D.Wis.1984). However, the court relied upon no prior case law, the case has not been followed by any subsequent courts, and is not binding on this Court.

**Ohio Law**

Ohio courts are more amenable to allowing counsel's presence during an examination. In *Nomina v. Eggeman*, the court explained that questions, which may be inadmissible in the actual court proceeding, may be perfectly relevant to a psychiatric evaluation. Accordingly, Ohio courts generally permit counsel to be present during such examinations. 188 N.E.2d 440, 443, 90 Ohio Law Abs. 57 (Ohio Com.Pl.1962). The court agreed with the following observation of the California Supreme Court: "[w]henever a doctor selected by the defendant conducts a physical examination of the plaintiff, there is a possibility that improper questions may be asked, and a lay person should not be expected to evaluate the propriety of every question at his peril." *Id.* at 443–44 (quoting *Sharff v. Sup. Ct. of San Francisco*, 44 Cal.2d 508, 282 P.2d 896 (1955)).

Moreover, the court reasoned, the doctor-patient privilege does not exist in this situation because the relationship is court-ordered, so there is no reason to worry about the presence of a third party. *Id.* at 444. Therefore, Ohio courts permit a plaintiff, when examined by a doctor selected by the defendant, to have his attorney present. *Steele v. True Temper Corp.*, 174 N.E.2d 298, 301, 86 Ohio Law Abs. 276 (Ohio Com.Pl. 1961).

Other Ohio courts suggest that the administering physician's preference should determine whether third parties may monitor the examination, unless the physician's preference is "patently unreasonable." *See, e.g., Kelley v. Smith & Oby Co.*, 129 N.E.2d 106, 109, 70 Ohio Law Abs. 202 (Ohio Com.Pl. 1954). This standard, however, applies only to psychiatric evaluations, or others of a purely subjective nature where sensitive information might be disclosed, leaving intact the general rule that a party's counsel has the right to monitor examinations. *Id.*

### CONCLUSION

While there is a difference between federal and state law on this issue, this Court is addressing a procedural question under federal law. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."). Federal courts have determined that third parties—whether human or electronic—cannot sit in on physical and mental examinations under Federal Civil Rule 35 unless special circumstances require it. These circumstances, however, must be balanced against the interests of the parties involved in the litigation. There is no bright-line rule dictating when the presence of counsel is or is not proper—it remains to the court's sound discretion. This Court finds that, absent a showing of good cause, counsel does not have the right to monitor an independent medical examination.

IT IS SO ORDERED.