[Cite as *Masten v. Masten*, 2016-Ohio-5738.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROBIN STACEY MASTEN | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| MICHAEL W. MASTEN | : | Case No. 16-CA-4 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Fairfield County Court of Common Pleas, Domestic Relations Division, Case No. 2011-DR-352

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      August 31, 2016

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| ROBIN S. MASTEN, pro se<br>629 King Street<br>Lancaster, Ohio 43130 | JASON M. DONNELL<br>118 S. Pearl Street<br>Lancaster, Ohio 43130 |

*Baldwin, J.*

{¶1}    Appellant Michael W. Masten appeals a judgment of the Fairfield County Common Pleas Court, Domestic Relations Division terminating the parties' shared parenting agreement and naming appellee the residential parent of the parties' minor child.

## STATEMENT OF THE FACTS AND CASE

{¶2}    The parties' marriage was terminated on January 3, 2013, by an agreed judgment entry of divorce which incorporated a shared parenting plan.   On August 14, 2013, appellee filed a pro se motion seeking to terminate the shared parenting agreement and be named the residential parent of the child.   In her motion, she asked for a full psychological evaluation of both parties and of the child, and asked for an order restraining appellant from aberrant behavior with a professional engaged to help the child. Appellant responded with a pro se motion to terminate shared parenting and be named the sole residential parent of the child.

{¶3}    The court ordered a psychological evaluation of the parties on February 10, 2014.  The parties submitted to evaluation by Dr. David Tennenbaum pursuant to the court's order.  Dr. Tennenbaum's report was released to the parties in April of 2014.  On August 29, 2014, the parties agreed that Dr. Tennenbaum's records should be released to Dr. Charles Gerlach, and on December 23, 2014, Dr. Tennenbaum was ordered to release his records to Dr. John Mason.  Drs. Gerlach and Mason were experts retained by appellant.

{¶4} The case proceeded to trial on January 12, 2015. Trial was interrupted when it became known that counsel failed to provide appellee's medical and/or counseling records to the guardian ad litem. As a result, on January 20, 2015, a notice of hearing was filed setting a guardian ad litem conference for March 25, 2015, and setting trial dates for April 13-17, 2015.

{¶5} Appellant retained Dr. Kristin Tolbert on March 6, 2015. Five minutes before the scheduled guardian ad litem conference on March 25, 2015, appellant filed a motion seeking an order for Dr. Tennenbaum's records to be sent to Dr. Tolbert. On March 27, 2015, the court ordered Dr. Tennenbaum to release the records no later than March 30, 2015m and ordered Dr. Tolbert's report to be released to appellee by April 6, 2015. Appellant filed a motion to continue the trial on April 3, 2015, on the basis that the records had not yet been released to Dr. Tolbert. The trial court denied the motion to continue. The trial court excluded the testimony of Dr. Tolbert at trial on the basis that the witness was late-identified and the deadline to provide her report to counsel for appellee was not met.

{¶6} Following trial, the court named appellee the sole residential parent of the child. Appellant assigns two errors:

{¶7} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO FOLLOW THE OHIO RULES OF CIVIL PROCEDURE BY ORDERING THE PSYCHOLOGICAL EVALUATION OF THE PARTIES BY DR. TENNENBAUM WITHOUT ANY EVIDENCE PROVIDED TO SHOW EITHER PARTY'S PSYCHOLOGICAL STATE WAS IN CONTROVERSY, OR ANY EVIDENCE TO SHOW THERE WAS GOOD CAUSE FOR THE PSYCHOLOGICAL EVALUATION.

{¶8} "II.  THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PLACED A SCHEDULING ORDER ON DR. TENNENBAUM REGARDING A RELEASE OF RECORDS TO DR. TOLBERT, AND WHEN DR. TENNENBAUM REFUSED AND NEVER SUBMITTED THE RECORDS, DID NOT SANCTION THE NON-COMPLIANCE."

I.

{¶9}  Appellant argues that the court did not comply with Civ. R. 35(A) in ordering a psychological evaluation, which provides:

When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit himself to a physical or mental examination or to produce for such examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

{¶10} However, R.C. 3109.04(C) specifically gives the court authority to order psychological evaluations in cases involving child custody:

Prior to trial, the court may cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of each parent and may order the parents and their

minor children to submit to medical, psychological, and psychiatric examinations.

{¶11} The use of the word "may" in the statute clearly indicates that the decision whether or not to order psychological evaluations is left to the discretion of the trial court. *Harness v. Harness*, 143 Ohio App.3d 669, 675, 2001-Ohio-2433, 758 N.E.2d 793, 798 (4th Dist.); *Weaver v. Weaver,* 5th Dist. Licking No. 2003CA00096, 2004-Ohio-4212, ¶55. To constitute an abuse of discretion, the trial court's decision must be unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St. 3d 217, 450 N.E.2d 1140 (1983).

{¶12} In her pro se motion to terminate shared parenting, appellee asked for a psychological evaluation of both parties and of the child, and requested an order restraining appellant from aberrant behavior with the professional engaged to help the child. In her memorandum in support of her motion, she alleged that appellant was engaged in a vendetta that has been harmful to the child, and appellant harassed the office of a local children's counselor she had engaged to assist the child. She further represented that she had observed "elevated levels of behavior" by appellant that was disconcerting to herself, the child, and to other professionals. Appellant responded in his pro se motion to terminate custody that the child had been examined at Children's Hospital in Columbus, and physicians there did not determine a need for psychological care of the child, and if stress has resulted in problems with the child, they were caused by appellee. Based on the information before the court, we find that the court did not abuse its discretion in ordering a psychological evaluation of both parties to attempt to understand the issues in the case.

{¶13} The first assignment of error is overruled.

II.

{¶14} In his second assignment of error, appellant argues that the court erred in failing to sanction Dr. Tennenbaum for failing to provide Dr. Tolbert with his records by March 30, 2015 in accordance with the order of the court. He also argues that the court erred in failing to grant his motion to continue based on the late compliance of Dr. Tennenbaum with the court's order.

{¶15} The trial court has broad discretion to impose sanctions for violations of discovery rules, and this court will not reverse sanctions absent an abuse of that discretion. *Rankin v. Willow Park Convalescent Home*, 99 Ohio App.3d 110, 112, 649 N.E.2d 1320, 1321 (8th Dist.1994). Likewise, the grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge, and an appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078, 1080 (1981).

{¶16} Trial initially began on January 12, 2015. Trial was interrupted when it became known that counsel failed to provide appellee's medical and/or counseling records to the guardian ad litem. As a result, on January 20, 2015, a notice of hearing was filed setting a guardian ad litem conference for March 25, 2015, and setting trial dates for April 13-17, 2015.

{¶17} Appellant retained Dr. Kristin Tolbert on March 6, 2015. Five minutes before the scheduled guardian ad litem conference on March 25, 2015, appellant filed a motion for an order for Dr. Tennenbaum's records to be sent to Dr. Tolbert. On March 27, 2015, the court ordered Dr. Tennenbaum to release the records no later than March 30, 2015

and ordered Dr. Tolbert's report to be released to appellee by April 6, 2015. Appellant filed a motion to continue the trial on April 3, 2015, on the basis that the records had not been released to Dr. Tolbert. The trial court denied the motion to continue.

{¶18} At trial, the court noted that Dr. Tennenbaum's report had been released to the parties a year earlier, in April of 2014, and he had further submitted his records to Drs. Gerlach and Mason at the request of appellant. Tr. 861. The court further stated that Dr. Tennenbaum was out of the country when appellant made the late request on March 25, 2015, to have the records released to Dr. Tolbert. Tr. 862. The court noted that she had no reason to believe that there was any negative intent on the part of Dr. Tennenbaum in failing to release the records on the date set forth in the order. *Id*.

{¶19} The information before the court indicated that the witness was out of the country and unable to comply with the order within the narrow time frame provided. Despite having received the report a year earlier and the records previously being provided to two of appellant's expert witnesses, appellant made a late request to have the records submitted to another expert. Although he retained Dr. Tolbert on March 6, 2015, he waited until March 25, 2015 to seek an order for Dr. Tennenbaum to release the records, knowing that trial was set for April 13-17, 2015. We find no abuse of discretion in failing to sanction the late release of the records or in failing to grant the motion to continue.

{¶20}  The second assignment of error is overruled.  The judgment of the Fairfield County Common Pleas Court, Domestic Relations Division is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Farmer, P.J. and

Gwin, J. concur.